636 A.2d 250

**ELITE CARPENTRY CONTRACTORS and General Accident Insurance Co., Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DEMPSEY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 23, 1993.

Decided Dec. 30, 1993.

Jeffrey D. Snyder, for petitioners.

Michael D. Schaff, for respondent.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Elite Carpentry (Employer) appeals an order of the Workmen's Compensation Appeal Board (WCAB) which, among other things, affirmed the referee's [1] award of attorney fees on grounds that Employer unreasonably contested the claim petition of James F. Dempsey (Claimant). We affirm.

After a series of hearings on Claimant's claim petition, the referee made the following findings, none of which Employer contests in its appeal to this court:

1. On or about May 23, 1989, Claimant was employed as a carpenter with an average weekly wage of $400.00.

---

1. Referees are now called Worker's Compensation Judges under the new amendments to the Worker's Compensation Act effective August 31, 1993. Because this case was before the Referee prior to the effective date of the amendments, however, we will refer to her as Referee and not as Worker's Compensation Judge.

2. On or about May 23, 1989, Claimant suffered an injury to his lumbar spine while at work. Said accident/injury was witnessed by Claimant's superior, Greg Siliberto.

3. On July 19, 1989, Defendant filed a Notice of Compensation Denial.

4. On August 1989, Claimant filed the instant Claim Petition requesting attorneys fees, interest and penalties.

5. Hearings scheduled for October 18, 1989, January 31, 1990, March 6, 1990 were continued, on May 1, 1990 Claimant testified.

6. On July 6, 1990, [Employer] issued a Notice of Compensation Payable. On October 31, 1990 Claimant filed a Petition to Review Notice of Compensation Payable challenging the wages.

7. The employer has failed to submit a Statement of Wages.

8. On June 20, 1990, [Employer] decided this injury was compensable, but refused to issue the Notice of Compensation Payable. The [Employer] tried to coerce the Claimant's attorney into resolving this matter in violation of the Act.[2]

Based on these findings, the referee made the following relevant conclusions of law:

3. [Employer] has not established a reasonable basis for contest of this Claim.

. . . .

6. Since Claimant's supervisor witnessed this injury [Employer] has no basis for contest.

8. Since this matter was scheduled for eleven hearings in this matter; and the matter was litigated from August 1989 through September 17, 1991, two petitions were filed and litigated, briefs were written, the Referee concluded that the Claimant's counsel is entitled to counsel fees of 20% of

**2.** Employer successfully argued before the WCAB that contact between its insurance adjusters and Claimant's attorney to discuss settlement of the case did not rise to the level of coercion. Accordingly, the WCAB held that the referee abused her discretion in awarding penalties to Claimant. Claimant has not appealed this issue.

the Claimant's benefits from May 23, 1989 to the present and continuing.

On appeal,[3] Employer contends that the WCAB erred in concluding that Employer engaged in unreasonable contest. In the alternative, Employer contends that even if contest was unreasonable, the WCAB should have remanded this case for the referee to determine a quantum meruit fee.

Whether an employer's contest is reasonable is a question of law fully reviewable by this court. *William H. Rorer, Inc. Workmen's Compensation Appeal Board (Staffieri)*, 110 Pa.Commonwealth Ct. 642, 532 A.2d 1283, *appeal denied*, 520 Pa. 580, 549 A.2d 139 (1988). Section 440 of The Pennsylvania Workmen's Compensation Act (the Act)[4] requires that attorney's fees be imposed upon the employer unless a reasonable basis for the contest has been established. *Morgan Corporation v. Workmen's Compensation Appeal Board (Strock)*, 139 Pa.Commonwealth Ct. 520, 590 A.2d 1375 (1991). The burden of proving reasonable contest is on the employer. *McConnell v. Workmen's Compensation Appeal Board (Western Center)*, 111 Pa.Commonwealth Ct. 521, 534 A.2d 571 (1987).

Employer argues that its contest was reasonable because the degree of Claimant's disability was in dispute. Although the existence of an issue as to the degree of the claimant's disability may provide a reasonable basis for contest and the denial of attorney's fees, *Chmiel v. Workmen's Compensation Appeal Board (Jandy Coal Company)*, 65 Pa.Commonwealth Ct. 310, 442 A.2d 398 (1982), Employer presented no evidence whatsoever which tended to show that Claimant was any less disabled than he claimed to be. A contest is unreasonable where employer presents no conflicting medical testimony regarding the contested issues of the

**3.** Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**4.** Act of June 2, 1915, P.L. 736, *added by* section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996.

claimant's injury. *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Commonwealth Ct. 56, 602 A.2d 446 (1992).

Employer further argues that its contest was reasonable because Claimant's credibility was in dispute. Specifically, Employer indicates that Claimant did not seek medical care immediately after the accident, that Claimant did not enter any medical evidence into the record,[5] and that Claimant's disability was not "obvious" because Claimant testified that his injury arose from two distinct incidents and he continued working after the injury. Claimant counters that Employer's argument in this regard is premised upon several misstatements of the facts. We agree with Claimant. Although Claimant did not seek medical treatment the very moment he was injured, he sought treatment from Dr. Frank Lichtner the Saturday following the accident and Claimant was ultimately admitted to Warminster General Hospital for surgery. The fact that Claimant did not enter any medical evidence into the record cannot be held against him and has no bearing on his credibility. Employer accepted liability for Claimant's injury midway through the litigation, making it unnecessary for Claimant to proceed with presenting medical evidence. Finally, Claimant did not allege two separate dates of injury. He testified that he was injured at work on May 23, 1989 and aggravated his condition while lifting something at work on the following day.

Moreover, Employer's reliance on *Jodon v. Workmen's Compensation Appeal Board (Corning)*, 54 Pa.Commonwealth Ct. 246, 420 A.2d 1137 (1980) is misplaced. The claimant in that case alleged that her injury arose from extended periods of standing, stooping and bending. The claimant's medical expert found no objective evidence of injury and based his

5. Employer also suggests that the medical report of Claimant's chiropractor, which was marked as evidence but never formally admitted into the record, is equivocal. However, medical testimony was unnecessary because Employer voluntarily accepted the claim midway through the litigation. The only question before this court now is whether it was reasonable for Employer to contest Claimant's claim for a year before accepting it.

diagnosis solely on what the claimant told him. Noting that the injury complained of was not one that arose from an objectively ascertainable occurrence, we concluded that the employer's contest was reasonable because the case depended solely on the claimant's credibility. That is not the situation in this case. Here, Claimant suffered an obvious injury in the presence of his supervisor. Moreover, medical evidence never became necessary because Employer voluntarily accepted the claim midway through the litigation. There is nothing on the record to indicate that Claimant's injury was unsubstantiated by objective evidence or that Claimant's physicians had based their diagnoses solely on what Claimant told them.

 Employer also suggests that the referee and WCAB erred in finding unreasonable contest because "it must be demonstrated that the only reason that [Employer] engaged in the litigation before the Referee was for the purpose of harassment." (Employer's brief at 15.) This is an inaccurate statement of the law. This court has often stated that the reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant. *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.)*, 140 Pa.Commonwealth Ct. 68, 591 A.2d 372 (1991). The burden of proving reasonable contest is on the employer. *McConnell.* Thus, where employer fails to establish that its contest was prompted to resolve a disputed issue, we must presume that the contest was unreasonable. Employer cannot meet its burden merely by noting a lack of proof that Employer contested Claimant's claim petition in order to harass him. Here, Employer did not show that the evidence was conflicting or susceptible to contrary inferences. Accordingly, we must conclude that Employer's contest was unreasonable.

 Having concluded that Employer's contest was unreasonable, we now turn to Employer's alternative argument that the WCAB should have remanded this case to the referee for a determination of the amount and difficulty of work performed by the attorney who represented Claimant before the

referee and the WCAB.[6] We are not persuaded by Employer's argument in this regard. We believe that the referee made a sufficient assessment of the difficulty of the work performed and properly based the amount of attorney's fees thereon. In Conclusion of Law No. 8, in which the referee determined that Claimant's attorney is entitled to counsel fees of 20%, the referee recited the number of hearings scheduled, the length of time that the litigation was pending, the number of petitions filed and litigated, and the number of briefs that were written. These considerations, while they are not an all-inclusive list of things which a referee might consider in valuing an attorney's work, reflect a sufficient assessment of the difficulty of the work performed. Accordingly, there was no need for the WCAB to remand this case to the referee.

Employer also suggests that the award of attorney fees of 20% of all benefits to be paid on an ongoing basis constitutes an "unwarranted windfall" to Claimant's attorney. We disagree. The reasonableness of the attorney fees depends on the difficulty of the work performed by claimant's attorney. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991); *R.M. Friction Materials Co., Div. of Raybestos–Manhattan, Inc. v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 279, 415 A.2d 965 (1980). Here, the referee based the attorney fees award on the eleven scheduled hearings, the briefs which were written, and the fact that two separate petitions were filed and litigated over a period which exceeded two years. *See* Conclusion of Law No. 8. As long as the amount and difficulty of the work performed by Claimant's attorney is reasonably related to the fee awarded, this court will not disturb the referee's award. Under the circumstances in this case, we conclude

6. Claimant was represented by one attorney when the case was before the referee and WCAB. On appeal to this court, Claimant is represented by a different attorney. We do not believe this change in representation has any impact upon our determination of what constitutes a reasonable fee under § 440 of the Act.

that a 20% award of attorney fees was reasonable as a matter of law.

Accordingly, we affirm.

## *ORDER*

AND NOW, this 30th day of December, 1993, the order of the Workmen's Compensation Appeal Board, dated January 22, 1993, is affirmed.