DEPARTMENT OF PUBLIC
WELFARE, Petitioner,

v.

WORKERS' COMPENSATION
APPEAL BOARD (OVER-
TON), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 9, 2001.

Decided Aug. 27, 2001.

Drew P. Gannon, Harrisburg, for peti-
tioner.

Debra K. Wallet, Camp Hill, for respon-
dent.

Before DOYLE, President Judge,
SMITH, Judge, and FLAHERTY, Senior
Judge.

SMITH, Judge.

The Department of Public Welfare (DPW) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge granting a penalty petition filed by Elizabeth P. Overton when DPW allegedly failed to comply with the terms of a Stipulation that it entered into in regard to Overton's claim petition. DPW questions whether the WCJ exceeded his authority by interpreting and enforcing a private benefit program that is not covered by the Workers' Compensation Act (Act);[1] whether the decision to award additional work-related disability leave benefits was supported by substantial evidence; whether the WCJ erred in awarding a 70 percent penalty for alleged non-payment of a non-workers'-compensation benefit; and whether the WCJ erred in awarding attorney's fees where the contest was reasonable and the amount awarded was in error.

Overton suffered a work-related injury on December 11, 1995 in the form of an aggravation of her asthma. She was off work from December 13, 1995 through February 5, 1996, a period of 7 weeks and 4 days, and then she resumed full activities. Overton filed a claim petition on July 3, 1996, which DPW initially denied. Counsel for DPW drafted a Stipulation to resolve the pending claim petition, which the parties entered into on October 31, 1997. At their request the WCJ issued an order circulated December 18, 1997, approving and adopting the Stipulation.[2]

DPW did not make all of the payments provided for in the Stipulation by the designated date, i.e., February 1, 1998. It did not pay $268 for costs until after Overton filed her penalty petition. DPW never did pay the $5,676.79 specified in Paragraph 7 of the Stipulation for work-related disability leave.[3] Overton filed a penalty petition on April 13, 1998 because of DPW's failure to make agreed-upon payments. The WCJ concluded that the matter called for enforcement of the penalty provision of the Stipulation as well as for an award of attorney's fees and the imposition of the maximum penalties under the Act. On appeal the Board affirmed, stating that the issue relating to Paragraph 7 was a dis-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4, 2501—2626.

2. The Stipulation provided in Paragraph 5 that Overton was entitled to receive $3,999.29 in past-due total disability benefits (maximum weekly compensation rate of $509 per week), plus interest of $674.91, for a total indemnity payment of $4,674.20. Paragraph 6 provided for $268 in costs. Paragraph 7 provided that Overton was to receive work-related disability leave benefits, which required DPW to pay the difference between her full salary (average weekly wage of $1,231.50) and her workers' compensation benefits for a total of $5,676.79, without interest. Paragraphs 8 and 9 provided for subrogation payments to Blue Cross and Blue Shield for substantial medical expenses. In Paragraph 11 DPW agreed to pay Overton for certain outstanding medical bills and to pay for future medical expenses arising out of the treatment ren-

dered during the period when she was off work. The parties agreed in Paragraph 13 that payments of the sums described would be made within 45 days of the issuance of the WCJ's order accepting the Stipulation; if timely payment were not made, DPW would be responsible for statutory interest and a 20 percent penalty for all amounts not paid. Paragraph 14 terminated Overton's benefits as of February 5, 1996.

3. On March 12, 1998, DPW sent Overton a letter alleging that she had received full salary payments through the period when she was off work as well as workers' compensation benefits, i.e., that she had been overpaid by the amount of workers' compensation received. The letter stated that a supplemental payment for three pay periods ending February 9, 1996 had been credited toward the alleged overpayment, and it requested that she send a check for $2,423.71.

agreement over the nature of other payments made to Overton during the period when she was off work. The Board agreed with the WCJ's analysis that DPW had no valid reason to withhold the payments. It stated that, had DPW wished to obtain a clarification of its obligation, the proper procedure would have been to file a review petition, thereby protecting itself against an assessment of penalties and attorney's fees.[4]

DPW first asserts that the case involves the work-related disability leave benefit program, which is a private benefit administered outside the scope of the Act. It argues that the workers' compensation system is not designed to address this type of issue. DPW cites *Mosites Constr. Co. v. Workmen's Compensation Appeal Board (Marshall)*, 164 Pa.Cmwlth. 60, 641 A.2d 1291 (1994), which noted the lack of jurisdiction of workers' compensation authorities to decide private contract claims but held that applying a wage rate from a collective bargaining agreement did not involve interpreting the agreement. It contends that the WCJ possesses only statutory authority extending to workers' compensation matters, that Overton was paid all of her workers' compensation benefits under the Stipulation and that the WCJ and the Board confused payment of work-related disability leave with payment of workers' compensation.

◼ Overton responds first that nothing in the Act prevents an employer from entering into an agreement with a claimant to resolve a workers' compensation controversy completely that incorporates matters not strictly within the Act's entitlement. She contends that DPW cannot now complain that the WCJ exceeded his authority in doing so. The Court agrees that DPW is estopped from proceeding upon a theory that the WCJ lacked jurisdiction over a stipulation that was incorporated into the WCJ's order pursuant to DPW's request. As noted above, DPW drafted the Stipulation and DPW joined in requesting that the WCJ issue an order approving and adopting it. The courts have held consistently that under the doctrine of judicial estoppel a party may be prevented from "playing fast and loose" with the court and abusing the judicial process by changing positions as the moment requires. *Koschak v. Redevelopment Authority of Wilkes–Barre*, 758 A.2d 291 (Pa.Cmwlth. 2000) (citing *Trowbridge v. Scranton Artificial Limb Co.*, 560 Pa. 640, 747 A.2d 862 (2000)).[5]

---

**4.** The Court's review of the Board's order is limited to determining whether necessary findings are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). As the Board noted, where a violation of the Act has been found, the imposition of a penalty and the amount of the penalty are discretionary, and absent an abuse of discretion by the WCJ, the penalty will not be overturned on appeal. *Crucible, Inc. v. Workers' Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa.Cmwlth.1998). Further, where there is a violation of the Act there cannot be a reasonable contest, and an award of counsel fees is proper. *Body Shop v. Workers' Com-*

*pensation Appeal Board (Schanz)*, 720 A.2d 795 (Pa.Cmwlth.1998).

**5.** Even if the merits of DPW's position were examined, the Court notes that the Act is not devoid of reference to other forms of benefits. Section 449, added by Section 22 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5, provides in subsection (c) that every compromise and release by stipulation shall specify, among other things, "(9) a listing of all benefits received or available to the claimant ...." Section 450, added by the same section, 77 P.S. § 1000.6, provides in subsection (a) that any employer and the recognized exclusive representative of its employee may agree by collective bargaining to establish certain binding obligations and procedures relating to workers' compensation, including as to

Next DPW argues that the WCJ's decision to award additional work-related disability benefits was not supported by substantial, competent evidence. It refers to the testimony of its witness Sherri Keiter–Reed of the Office of Administration as support for its view of what benefits were due to Overton and how she was allegedly overpaid. Overton counters that she was not overpaid, or if so by not more than $23, and she relies primarily upon *Boeing Helicopters v. Workers' Compensation Appeal Board (Cobb)*, 713 A.2d 1181 (Pa.Cmwlth. 1998). In that case the employer deducted $10,000 from workers' compensation benefits due the claimant based upon an asserted credit for sickness and accident insurance payments made. The Court affirmed the determination that the unilateral withholding of payments ordered to be made constituted a violation of the Act and reaffirmed the holding of *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.)*, 651 A.2d 701 (Pa.Cmwlth.1994), that where an employer or insurer fails to assert a credit against workers' compensation liability during a claim petition, it has waived that issue. Here the Stipulation provided the substantial evidence that was necessary to establish DPW's liabilities.

Third DPW contends that the WCJ erred in assessing a 70 percent penalty against it. Even assuming, arguendo, that it did not make proper payment under the Stipulation, DPW asserts that the WCJ had no authority to impose any penalty on an employer for failure to pay a non-workers' compensation benefit, contending that the Act grants a WCJ authority to award a penalty based only upon the percentage of workers' compensation benefits that are found to be due and owing. It cites *Jaskiewicz v. Workmen's Compensation Ap-*

*peal Board (James D. Morrisey, Inc.)*, 651 A.2d 623 (Pa.Cmwlth.1994), where the Court affirmed a referee's decision that he could not impose a penalty under Section 435(d)(i) of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 991(d)(i), where he had awarded no compensation.

■ Section 435(d)(i) provides that the Department of Labor, the Board or any court hearing any proceedings under the Act has the power to impose penalties as provided for violations of the Act or rules and regulations. Employers may be penalized a sum not exceeding "ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays." Overton argues that the WCJ ordered DPW to pay all of the sums listed in the Stipulation and that "an Order is an Order." The Court agrees. The work-related disability payments were part of "the amount awarded" for purposes of Section 435(d) of the Act, and DPW's failure to comply was a violation of the Act.

■ Finally, DPW asserts that the WCJ erred in awarding attorney's fees where the contest was reasonable and erred in determining the amount of fees. DPW states that its arguments show many reasonable grounds for its challenge to the penalty petition. Also it argues that the WCJ did not make findings concerning the amount of time expended by counsel and the complexity of the issues involved as required by Section 440 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996. The Court reiterates that DPW's willful, deliberate

"(1) benefits supplemental to those provided in sections 306 and 307 [77 P.S. §§ 511–515, 542, 561 and 562] ...."

failure to comply with the WCJ's order adopting the Stipulation constituted a violation of the Act, which precludes a finding of a reasonable contest and renders an award of attorney's fees proper. *Body Shop v. Workers' Compensation Appeal Board (Schanz)*, 720 A.2d 795 (Pa.Cmwlth. 1998).

In Finding of Fact No. 9 the WCJ stated that Overton had an attorney's fee of $1,396.25 for the penalty petition, which fee "met the Act's quantum meruit standards." That figure was the total specified in Ex. C–6, which detailed 11 hours expended by counsel in 0.1–hour increments before the hearings in this matter, at $125 per hour, plus minor costs. The WCJ's award of $3,280.01 reflects the addition of $1,862.50 for an additional 14.9 hours and minor costs incurred through the filing of the brief to the WCJ, as reflected in a supplement to Ex. C–6 that Overton filed with the brief. She notes that the counsel fee rate has not been challenged. In general, the Court has held that a "reasonable sum" for an attorney fee under Section 440 requires a determination as to the amount and difficulty of the work performed. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Serv.)*, 140 Pa.Cmwlth. 51, 592 A.2d 358 (1991).

 In *Milton S. Hershey Medical Center v. Workmen's Compensation Appeal Board (Mahar)*, 659 A.2d 1067 (Pa. Cmwlth.1995), the Court stated that reasonableness under Section 440 focused on factual queries that the WCJ must undertake; however, the Court approved a "reasonable bill for a quantum meruit fee" of over $23,000, stating that it was based upon sufficient documentation, without referring to a specific finding as to degree of difficulty of the work. *See also Anderson v. Workmen's Compensation Appeal Board (Watkins Motor Lines)*, 671 A.2d 299 (Pa.Cmwlth.1996) (approving quantum

meruit fee for 13.3 hours at $150 per hour rather than a 20 percent contingency fee). The Court concludes that the WCJ's award of a fee precisely as calculated by Overton constitutes a finding that the amount of time expended and the rate charged were reasonable in light of the nature of the case. Accordingly, the Board's decision affirming the order of the WCJ is affirmed.

### ORDER

AND NOW, this 27th day of August, 2001, the order of the Workers' Compensation Appeal Board is affirmed.