Harry HOOVER, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (ABF FREIGHT SYSTEMS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 2003.
Decided April 3, 2003.

844

Ronald T. Tomasko and Michael A. Koranda, Harrisburg, for petitioner.

Peter M. McManamon, Huntingdon, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Harry Hoover (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), affirming in part and reversing in part the decision of the Workers' Compensation Judge (WCJ), granting Claimant's petition for penalties but refusing to award Claimant

attorney fees for an unreasonable contest.[1] We now reverse.

Employer employed Claimant as a union truck driver. Claimant originally sustained injuries to his legs and lower back in the course and scope of his employment with Employer on September 11, 1993, while attempting to disconnect twin trailers. Employer accepted liability for this injury and thereafter issued a notice of compensation payable. In December of 1994, Employer filed a petition to modify Claimant's benefits alleging that it had offered Claimant a light-duty position as a custodian but that Claimant had refused.[2] Claimant filed an answer averring that Employer's offer was not in good faith as the offered position was a non-union position.

The case was assigned to a WCJ and proceeded with hearings. Ultimately, the WCJ issued a decision and order granting Employer's modification petition. Claimant appealed to the Board. In April of 1998, the Board issued a decision and order reversing the decision of the WCJ and remanding the case for further findings of fact and conclusions of law.[3] On remand, the WCJ considered this evidence but still granted Employer's modification petition. Claimant again appealed to the Board. By decision and order dated October 11, 2000, the Board reversed the decision of the

WCJ concluding that the offered non-union job was not actually available to Claimant.

On October 23, 2000, Employer filed an appeal of the Board's decision with this Court. The very next day, October 24, 2000, Employer filed a request for supersedeas with the Board pending its appeal to this Court. By order dated November 14, 2000, the Board denied Employer's supersedeas request. In December of 2000, Employer filed a similar request for supersedeas with this Court, but the same was denied. Ultimately, we issued a decision and order affirming the Board's October 11, 2000, order.[4]

In the meantime, on November 16, 2000, Employer forwarded a check to Claimant via "Second Day Air" in the amount of $68,093.73, which represented payment of indemnity benefits owed to Claimant. On this same day, Employer also forwarded a check to Claimant's counsel via regular mail in the amount of $17,023.44, which represented the twenty percent fee agreement between Claimant and his counsel. Claimant received his check on November 18, 2000, and Claimant's counsel received his check on November 20, 2000.

Prior to receipt of these checks, however, counsel for Claimant had filed a petition for penalties, alleging that Employer had violated the Pennsylvania Workers' Compensation Act (Act)[5] by failing to pay him benefits in accordance with the

---

1. With respect to penalties, the WCJ awarded Claimant a penalty of ten percent of the total disability benefits and fifty percent of the total costs of litigation. With respect to attorney fees, however, the WCJ concluded that the contest of ABF Freight Systems (Employer) in this matter was reasonable. The Board reversed the decision of the WCJ with respect to the ten percent penalty on the total disability benefits but affirmed the WCJ's decision in all other respects.

2. Employer also alleged that the offered position was approved by Claimant's treating phy-

sician at the time as being within Claimant's physical capabilities.

3. The purpose of the remand was to allow the WCJ to consider after-discovered evidence in the nature of an internal grievance/arbitration decision.

4. *ABF Freight System, Inc. v. Workers' Compensation Appeal Board (Hoover)* (Pa.Cmwlth., No. 2357 C.D.2000, filed April 10, 2001).

5. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

Board's October 11, 2000, decision and order. Claimant requested a penalty in the amount of fifty percent, interest and unreasonable contest attorney fees. Employer filed an answer denying that it had violated the Act and indicating that it had forwarded checks to Claimant and his counsel on November 16, 2000. This matter was then assigned to the WCJ.

As the penalty petition was pending, by letter dated and faxed November 20, 2000, counsel for Claimant inquired as to the status of reimbursement of Claimant's prior litigation costs, which at the time totaled $3,501.45. On December 15, 2000, Employer forwarded a check to Claimant in the amount of $1,449.75 representing partial payment of .these litigation costs. Employer thereafter forwarded three separate checks to Claimant, one in January and two in February of 2001, representing the outstanding balance of these costs. At the hearings before the WCJ with respect to the penalty petition, counsel for Claimant orally amended said petition to request penalties for Employer's failure to timely pay these costs.

Ultimately, the WCJ issued a decision and order granting Claimant's penalty petition, awarding him a ten percent penalty as to his total disability benefits, awarding him a fifty percent penalty as to the litigation costs but denying his request for unreasonable contest attorney fees. Both Claimant and Employer filed appeals with the Board. Claimant appealed the decision of the WCJ insofar as it denied his request for unreasonable contest attorney fees. Employer appealed the decision of the WCJ insofar as it granted Claimant's penalty petition and found that it had violated the Act. Alternatively, Employer contended that the amount of penalties was excessive.

With respect to Claimant's appeal, the Board affirmed the decision of the WCJ, noting that Employer's contest was reasonable where Claimant sought a fifty percent penalty on compensation in excess of $85,000.00, which, if indeed it was paid late, was only late by a few days. The Board also noted Employer's belief that it had not violated the Act. With respect to Employer's appeal, the Board affirmed the decision of the WCJ awarding Claimant a fifty percent penalty on litigation costs but reversed the decision of the WCJ awarding Claimant a ten percent penalty on total disability benefits. The Board concluded that Employer had timely paid such benefits and had not violated the Act. Claimant now appeals to this Court.

■ On appeal,[6] Claimant argues that the Board erred as a matter of law in reversing the decision of the WCJ as to the award of a ten percent penalty on the payment of his total disability benefits. We agree.

Section 428 of the Act, 77 P.S. § 921, essentially provides that an employer violates the Act if it fails to make payments within thirty days of the date on which its obligation to pay arises. *See also Crucible, Inc. v. Workers' Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa.

---

6. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. We acknowledge our Supreme Court's recent decision in *Leon E. Wintermyer, Inc. v. Work-ers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Wintermyer*, 571 Pa. at 206, 812 A.2d at 487.

Cmwlth.1998).[7] Section 430(b) of the Act provides in turn that "any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in Section 435...." 77 P.S. § 971(b). Section 435(d) of the Act[8] empowers the "department, the board, or any court ... to impose penalties ... for violations of the provisions of this act or such rules and regulations or rules of procedure."[9]

 Nevertheless, the imposition of a penalty is at the discretion of the WCJ and is not required, even if a violation of the Act is apparent on the record. *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000). "Because the assessment of penalties, as well as the amount of penalties imposed is discretionary, we will not overturn a penalty on appeal absent an abuse of discretion by the WCJ." *Candito v. Workers' Compensation Appeal Board (City of Philadelphia)*, 785

A.2d 1106, 1108 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* —— Pa. ——, 814 A.2d 678 (2002).[10]

In this case, it is undisputed that Employer failed to re-commence payment of Claimant's compensation benefits within thirty days of the Board's October 11, 2000, order in accordance with Section 428 of the Act.[11] Employer attempts to remedy this violation of the Act by noting the inconsistency between this Section and the Special Rules of Administrative Practice and Procedure before the Workmen's Compensation Appeal Board (Special Rules), 34 Pa.Code §§ 111.1–111.44. Admittedly, there is such an inconsistency as the Special Rules allow the Board to potentially make a ruling on a supersedeas request beyond the thirty-day period within which benefits are to commence.[12]

However, we have previously considered and rejected a similar argument in *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa. Cmwlth.241, 627 A.2d 218 (1993).[13] In ad-

---

7. In *Crucible,* we held that the filing of an appeal and request for supersedeas was an insufficient basis to suspend the employer's obligation to commence payment of benefits within thirty days of the Board's order affirming an award of benefits. Moreover, in *Crucible,* we rejected an argument from employer that it did not violate the Act and timely commenced payments of benefits within thirty days of this Court's denial of its supersedeas request.

8. *Added by* Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991(d).

9. This Section further provides for a penalty of "ten per centum of the amount awarded and interest accrued and payable" and an increased penalty of "fifty per centum in cases of unreasonable or excessive delays." 77 P.S. § 991(d)(i).

10. "An abuse of discretion is not merely an error of judgment, but among other reasons, occurs when the law is misapplied in reach-

ing a conclusion." *Candito,* 785 A.2d at 1108.

11. The WCJ even acknowledged in his decision that Employer's payment of compensation benefits to Claimant was "late." (WCJ's Decision, Conclusion of Law No. 3).

12. Pa. R.A.P. 1781(a) requires that a petition for supersedeas be initially filed with the Board. The petition must be filed within twenty days of the Board's order and the opposing party is given ten days in which to respond. 34 Pa.Code §§ 111.22–111.23. The Board must then rule on the supersedeas request within twenty days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be deemed denied. 34 Pa.Code § 111.24(b).

13. *See also Crucible.*

dressing this issue in *Cunningham*, we stated as follows:

> Employer violates § 428 of the Act, 77 P.S. § 921, if it does not begin making payments within thirty days of the date on which its obligation to pay arose. In this case, Employer's obligation to pay Claimant arose when the [WCJ's] decision was circulated on June 18, 1987. The fact that Employer appealed and requested a supersedeas from the [Board] is insufficient to suspend its obligation to obey the [WCJ's] order. Employer may not withhold any payment without filing a petition and being granted a supersedeas. Section 430(b) of the Act, 77 P.S. § 971(b). On July 18, 1987, thirty days after the [WCJ's] decision, the [Board] still had failed to rule on Employer's supersedeas request. At that point, Employer should have presumed the request to be denied. Accordingly, Employer was obligated to commence payment on that date in order to avoid paying penalties.

*Cunningham*, 627 A.2d at 222.[14] We reiterated later in *Cunningham* that "[i]n order to avoid penalties for non-payment, Employer must file and be granted a supersedeas." *Id.*

Nevertheless, we recently revisited this issue in *Candito*. In that case, the WCJ awarded the claimant specific loss and total disability benefits. Employer appealed to the Board and the Board affirmed by decision and order dated December 16, 1998. Employer then appealed to this Court while simultaneously requesting a supersedeas from the Board. The Board, however, denied such request in an order dated February 5, 1999. Employer thereafter filed an application for supersedeas with this Court, which we granted by order dated March 9, 1999. At the same time, the claimant filed a penalty petition alleging that employer had violated the Act by not commencing payments of compensation as of January 16, 1999, thirty days after the Board's order affirming the WCJ.

Ultimately, in addressing this issue in Candito, we stated as follows:

> Employer expeditiously filed a request for a supersedeas, and the Board's own regulations reasonably allowed it to file its order denying or allowing the supersedeas request within 20 days, after the 30 days for payment was to commence. To hold that an employer is liable for penalties for not paying compensation when its request for supersedeas is pending is, in effect, to make an employer's right to seek a supersedeas in most instances a nullity. Moreover, when we grant a request for a supersedeas that

---

**14.** For unknown reasons, we seem to have mischaracterized this language in subsequent decisions such as *Shannon v. Workmen's Compensation Appeal Board (City of Erie Fire Department)*, 691 A.2d 1010 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 549 Pa. 731, 702 A.2d 1062 (1997) and *Winkelmann v. Workmen's Compensation Appeal Board (Estate of Eleanor C. O'Neill)*, 166 Pa. Cmwlth.154, 646 A.2d 58 (1994), *petition for allowance of appeal denied*, 540 Pa. 609, 655 A.2d 996 (1995). In both *Shannon* and *Winkelmann*, we interpreted the above language from *Cunningham* as requiring an employer to commence payments of compensation within thirty days after its request for superse- deas was deemed denied. In essence, under *Shannon* and *Winkelmann*, employers were granted an additional thirty days within which to commence payments. However, *Cunningham* merely reiterated the requirement under Section 428 that payment of compensation commence within thirty days of the date on which its obligation to pay arose. In *Cunningham*, we held that employer should have deemed its request for supersedeas to the Board denied at the expiration of the thirty days from the WCJ's decision, under which its obligation to pay arose, and commenced payments of compensation as of that date.

the Board initially denied, in effect, we are holding that it erred in doing so. Taken together, those reasons are sufficient to conclude that the WCJ and Board did not abuse their discretion in denying penalties.

*Candito,* 785 A.2d at 1110. However, we qualified our holding in *Candito* by further stating that "consistent with *Crucible,* if we had ultimately denied the supersedeas request, Employer may be liable for penalties for the entire period of non-payment." *Id.*

In the case previously before this Court, i.e., *ABF Freight System, Inc. v. Workers' Compensation Appeal Board (Hoover)* (Pa.Cmwlth., No. 2357 C.D.2000, filed April 10, 2001), we denied Employer's request for supersedeas by order dated January 18, 2001. Hence, the present situation is distinguishable from *Candito.* To the contrary, we believe that our prior holdings in *Cunningham* and *Crucible* control. As Employer failed to re-commence payment of Claimant's compensation benefits within thirty days of the Board's October 11, 2000, opinion and order, Employer violated the Act and the WCJ acted within his discretion in awarding Claimant a ten percent penalty. As we cannot say that the WCJ abused his discretion in making such an award, we must conclude that the Board erred as a matter of law in reversing the decision of the WCJ in this regard.

■ Next, Claimant argues that the WCJ and the Board erred as a matter of law in failing to award him attorney fees for an unreasonable contest. Again, we agree.

■ Section 440 of the Act, 77 P.S. § 996(a), (b), addresses attorney fees for an unreasonable contest and provides as follows:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended.

*Added by* Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 996(a), (b). Employer has the burden of presenting sufficient evidence to establish a reasonable basis for the contest. *Ricks v. Workers' Compensation Appeal Board (Parkway Corp.),* 704 A.2d 716 (Pa.Cmwlth.1997). Further, whether an employer's contest of a workers' compensation claim is reasonable is a question of law fully reviewable by this Court. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation),* 730 A.2d 1025 (Pa.Cmwlth. 1999).

Moreover, we have previously held that in situations involving a violation of the

Act, a contest is not reasonable and an award of attorney fees is appropriate. For example, in *Body Shop v. Workers' Compensation Appeal Board (Schanz)*, 720 A.2d 795 (Pa.Cmwlth.1998), we held that as employer's refusal to pay claimant's medical expenses relating to his work injury constituted a violation of the Act, "there could be no reasonable contest and the award of counsel fees was ... proper." *Body Shop*, 720 A.2d at 799. Additionally, in *Department of Public Welfare v. Workers' Compensation Appeal Board (Overton)*, 783 A.2d 358 (Pa.Cmwlth.2001), we held that employer's refusal to abide by a stipulation approved by the WCJ constituted a violation of the Act, which "precludes a finding of a reasonable contest and renders an award of attorney's fees proper." *Department of Public Welfare*, 783 A.2d at 362.

In this case, we determined above that Employer had indeed violated the Act by not timely re-commencing payment of Claimant's compensation benefits. In accordance with *Body Shop* and *Department of Public Welfare*, such a violation renders Employer's contest in this matter unreasonable and an award of attorney fees is warranted. Thus, the WCJ and the Board erred as a matter of law in failing to award attorney fees to Claimant.

As to the amount of such fees, however, a remand to the Board and to the WCJ is unwarranted as the WCJ made an appropriate finding in accordance with Section 440(b) above. Specifically, the WCJ noted that counsel for Claimant had submitted documentation requesting a quantum meriut fee in the amount of $2,420.00. Nevertheless, considering the issues involved in this case, the complexity of the case which merely required a single hearing and the error of Claimant's counsel in preparing a certain cost exhibit, the WCJ found that a reasonable attorney's fee for this case

would be $1,500.00. *See* WCJ's Decision, Finding of Fact No. 7. Employer is directed to forward said fee to Claimant's counsel.

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, this 3rd day of April, 2003, the order of the Workers' Compensation Appeal Board is hereby reversed. ABF Freight Systems shall forward a check to counsel for Harry Hoover (Claimant) in the amount of $1,500.00, which sum represents Claimant's unreasonable contest attorney fees.

Judge LEADBETTER dissents as to the issue of reasonable contest only.