Barry BATES, Petitioner

v.

WORKERS' COMPENSATION AP-PEAL BOARD (TITAN CONSTRUC-TION STAFFING, LLC), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 2005.

Decided June 29, 2005.

Ronald T. Tomasko and Michael A. Ko-randa, Harrisburg, for petitioner.

Christina L. Bradley, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEADBETTER.[1]

Claimant Barry Bates petitions for review of the order of the Workers' Compensation Appeal Board (Board), affirming the decision of a Workers' Compensation Judge (WCJ), which, *inter alia,* granted claimant's penalty petition against employer, Titan Construction Staffing, LLC and its workers' compensation insurer, the State Workers' Insurance Fund (SWIF),[2] but denied counsel fees based upon a finding that employer's contest of the penalty petition was reasonable. At issue is whether employer's contest of claimant's penalty petition was *per se* unreasonable as a matter of law because the WCJ found that employer violated the Workers' Compensation Act (Act).[3]

On October 2, 2000, claimant sustained a left wrist sprain during the course of his employment. Pursuant to a notice of compensation payable, claimant received benefits of $347.58 per week based on an average weekly wage (AWW) of $521.38. In January 2001, claimant filed a petition seeking the maximum penalty of 50%, alleging:

> The Defendant/Employer has violated, and continues to violate, Section 308 of the [Workers' Compensation] Act inasmuch as the Claimant's wage loss indemnity payments have been paid in an untimely manner. Therefore, the Claimant seeks a fifty (50) percent penalty, under Section 435(d) of the Act, on all untimely paid wage loss indemnity payments from the date of injury to present as well as an award of attorney's fees for unreasonable contest under Section 440 of the Act.

Penalty Petition, January 29, 2001, at 1; Reproduced Record (R.R.) at 3a. Claimant simultaneously petitioned to review compensation benefits and alleged that employer used an incorrect average weekly wage.[4] Slightly more than one year later, employer also petitioned to review compensation benefits and sought a "[r]eview calculation of [AWW]." Petition to Review Compensation Benefits, March 1, 2002, at 1; R.R. at 40a.

The petitions were consolidated for hearings before the WCJ. The record reveals that both parties submitted payment plan histories of employer's payments to claimant. Employer made its first payment to claimant on October 30, 2000, in the amount of $1,489.63; the payment covered the period from October 4, 2000, through November 2, 2000. On November 29, 2000, the second payment was issued in the amount of $1,390.32 and covered the period from November 3, 2000, to November 30, 2000. Thereafter, payments were issued approximately every two weeks in the amount of $695.16. Employer's payment history indicated that claimant worked for thirteen weeks prior to his work injury. The record also contained three statements of wages calculated by employer; each statement reflected different compensation rates.

Based on the record, the WCJ made the following pertinent findings of fact:

2. The Claimant has proved the Employer/Insurer violated the provisions of the Pennsylvania Workers' Compensation Act by submitting the initial payment of compensation more than 21 days after the date of injury as required by the Act. The Employer/Insurer also

---

**1.** This case was reassigned to the author on May 3, 2005.

**2.** All references to employer also include SWIF.

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501—2626.

**4.** Claimant later withdrew his review compensation petition.

did not provide compensation payments in the same manner in which the Claimant was paid, paying the Claimant every two weeks after the second monthly payment, rather than sending a payment every week in accordance with the Claimant's pay schedule.

3. The Petition for Penalties should be granted and the Employer/Insurer directed to pay a twenty (20%) percent penalty for the late first payment; thereafter, the Employer/Insurer should be directed to pay a penalty of ten (10%) percent, commencing with the second payment and continuing to the date payments began being paid on a weekly basis.

4. The Employer/Insurer has failed to show the original Statement of Wages was incorrectly calculated; therefore their Petition to Review Compensation Benefits should be denied and dismissed.

5. The Claimant's correct [AWW] is $521.38 and his compensation rate is $347.58.

6. The Employer/Insurer's contest of this matter was reasonable.

7. The Claimant and his counsel have entered into a Power of Attorney calling for the withholding of twenty (20%) percent of any award the Claimant should receive. This agreement is found reasonable, and it is approved.

WCJ's Decision, May 5, 2003, Findings of Fact Nos. 2–7 at 3.

In addition, the WCJ reasoned:

While there were two violations of the [Workers' Compensation] Act regarding timely payment of compensation, the Employer/Insurer did not deny the payment of benefits and the delay in all cases was reasonable; the Claimant did not have to make repeated attempts to get paid by SWIF. Furthermore, the majority of employees receiving compensation are paid on a biweekly basis so it does not seem unusual for the insurer to have a policy paying claimants on that basis. It is for those reasons this Judge does not believe the Employer/Insurer's violation of the Act was egregious enough that it should be penalized the full fifty (50%) percent and will use his discretionary authority to reduce the penalty requested to the above-mentioned amounts.

This Judge does not believe the Employer/Insurer's contest of this matter was unreasonable, especially since the Claimant initially filed his own Petition to Review Compensation Benefits. Furthermore, even had the contest been unreasonable, the quantum meruit statement submitted by Claimant's counsel would not have been approved since the difficulty and expertise needed on this case could not justify the amount requested. There were no witnesses brought to the hearings, no medical records, no depositions to attend, and only two short hearings.

WCJ's decision at 4. Therefore, the WCJ directed employer to withhold twenty percent (20%) of claimant's award as counsel fees. The WCJ also denied employer's review compensation petition and assessed the penalties imposed based upon claimant's weekly compensation rate of $347.58.

Both parties appealed to the Board. Employer challenged the grant of the penalty petition, but did not challenge the average weekly wage finding. Claimant challenged the finding that employer's contest was reasonable. The Board affirmed, and only Bates appealed. On appeal, claimant contends that the WCJ erred when he determined that employer established a reasonable contest under Section

440(a) of the Act,[5] *as amended,* 77 P.S. § 996(a). According to claimant, employer's contest of the penalty petition was unreasonable as a matter of law because employer violated the Act. In support of his position, claimant relies on *Varkey v. Workers' Comp. Appeal Board (Cardone Industries),* 827 A.2d 1267 (Pa.Cmwlth. 2003), *Department of Public Welfare v. Workers' Comp. Appeal Board (Overton),* 783 A.2d 358 (Pa.Cmwlth.2001), and *Body Shop v. Workers' Comp. Appeal Board (Schanz),* 720 A.2d 795 (Pa.Cmwlth.1998), for the proposition that anytime a violation of the Act occurs, a contest is not reasonable as a matter of law and an award of attorney's fees is appropriate. We disagree.

▪ Section 440(a) of the Act provides:

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, ... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a). It is well-settled that whether an employer's contest of liability is reasonable is a question of law subject to this court's plenary review. *Capper v. Workers' Comp. Appeal Bd. (ABF Freight Sys., Inc.),* 826 A.2d 46 (Pa.Cmwlth.2003). "This court has often stated that the rea-

sonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Id.* at 51 [*quoting Elite Carpentry Contractors v. Workmen's Comp. Appeal Bd. (Dempsey),* 161 Pa.Cmwlth.89, 636 A.2d 250, 252 (1993) ]. Employer bears the burden of demonstrating that there was a reasonable basis for contesting liability. *Id. See also Majesky v. Workmen's Comp. Appeal Bd. (Transit America, Inc.),* 141 Pa.Cmwlth.398, 595 A.2d 761 (1991). In reviewing the record to determine whether an employer's contest was reasonable, the court must look at the totality of the circumstances, "since the reasonableness of the contest may not necessarily depend on a conflict in the evidence per se." *Majesky,* 595 A.2d. at 764.

▪ A review of the totality of the circumstances as found by the WCJ demonstrates that, while employer paid claimant's first compensation payment one week late and after the first two payments, paid benefits bi-weekly rather than weekly, as required to mirror claimant's pay schedule prior to his injury, the violations were not shown to be either egregious or in bad faith. Indeed, the testimony at the hearing established that claimant was paid on a bi-weekly basis because the majority of SWIF's insureds pay their claimants on that basis and the carrier was not informed that a different payment schedule should be made. Despite the minor nature of these violations, claimant sought a 50% penalty, the maximum penalty available under the Act. The WCJ concluded that the 50% penalty requested by claimant in his petition was not warranted in these circumstances and reduced the penalty accordingly. Thus, employer's contest of the requested penalty was, in part, successful. We conclude that, here, employer's contest of the penalty petition was reasonable,

---

**5.** Section 440(a) was added by the Act of February 8, 1972, P.L. 25.

wherein the violations of the Act were relatively minor, the penalties requested were overly severe and were reduced by the WCJ to a fraction of that requested.

■ Furthermore, we do not read the cases relied upon by claimant to establish a *per se* rule that any time a claimant demonstrates a violation of the Act, however slight or unintentional, or succeeds to any extent in a penalty petition, the employer's contest must be deemed unreasonable as a matter of law.[6] Each case must be decided on its own facts in order to

**6.** In *Varkey*, employer petitioned to terminate benefits and the claimant filed two penalty petitions. The parties resolved the litigation with a stipulation which required the claimant to return to work in a modified position and, if he worked in the position for two weeks, employer agreed to pay claimant $43,000.00 in past-due compensation as well as partial disability benefits beginning on the date that claimant returned to work in the modified position. Shortly after the claimant returned to the modified position, employer ceased paying the partial disability benefits and waited approximately six weeks before paying claimant the $43,000.00 in past-due compensation. The stipulation was adopted by an order of the WCJ and claimant was forced to file another penalty petition when employer failed to continue paying the partial disability benefits. A supplemental agreement was subsequently executed, acknowledging that the claimant had returned to work at a loss of earnings and was owed partial disability benefits. The supplemental agreement further required claimant's wages to be reviewed quarterly to determine whether an underpayment or overpayment had occurred.

During subsequent litigation, employer's counsel stipulated that partial disability benefits had not been paid as previously agreed to and claimant's earnings had not been reviewed in a timely manner. Consequently, the WCJ found that employer had violated the Act by failing to make timely partial disability payments and by failing to review claimant's income as required by the parties' supplemental agreement. As a result, the WCJ concluded that employer's contest of the penalty petition was unreasonable and ordered the payment of counsel fees. The Board reversed the award of counsel fees on appeal. This court reversed in turn. In concluding that employer's contest of claimant's penalty petition was unreasonable, this court found support in cases where an unreasonable contest was found because the employer failed to pay compensation clearly owing and overdue [*Hoover v. Workers' Comp. Appeal Board (ABF*

*Freight Systems)*, 820 A.2d 843, (Pa.Cmwlth. 2003), *overruled on other grounds by, Snizaski v. Workers' Comp. Appeal Board (Rox Coal Co.)*, 847 A.2d 139 (Pa.Cmwlth.), *alloc. granted*, 580 Pa. 549, 862 A.2d 582 (2004)], or violated a stipulation reached by the parties and approved by the WCJ [*Overton*], or ceased payment of medical expenses without first taking the necessary procedural steps [*Body Shop*].

Similarly, in *Overton*, the claimant and the Department of Public Welfare entered into a stipulation to resolve a pending claim petition. The stipulation required DPW to, *inter alia*, pay the claimant past-due total disability benefits as well as outstanding and future medical bills. The parties' stipulation further provided that if payment was not timely made, employer would be responsible for statutory interest and a twenty percent penalty. DPW failed to make all of the payments required by the stipulation and the claimant was forced to file a penalty petition to enforce the terms of the agreement. The WCJ found that DPW's contest of the penalty petition was unreasonable since it had not provided a valid reason for withholding payment. This court concluded that the employer's failure to comply with the WCJ's order adopting the stipulation violated the Act and rendered its contest of the penalty petition unreasonable, warranting the award of attorney's fees.

Finally, in the *Body Shop*, the claimant was receiving benefits pursuant to an NCP for a back injury and subsequently underwent several surgeries to treat his injury. The employer failed to pay for the surgeries and any related treatment without filing a petition for review of those bills. Consequently, the claimant filed two petitions: a petition to review medical treatment and/or billing, and a petition for penalties for violating the Act. Following hearings, the WCJ concluded that the employer failed to demonstrate that the medical expenses incurred in connection with the surgeries were not related to the work injury and that the employer lacked a reasonable basis to contest the payment of such bills.

determine whether an employer's contest of a petition asserting a violation of the Act is reasonable. Otherwise, the language in Section 440(a) of the Act that, "attorney fees may be excluded when a reasonable basis for the contest has been established by the employer" would be nullified with respect to all penalty petitions. If we adopted the rule espoused by claimant, an employer, such as Titan here, would always be deprived of the opportunity to explain its actions and contest the amount of the penalty sought. We conclude that this is not the law.

Based on the foregoing, we agree that employer's contest was reasonable and the Board did not err in affirming the WCJ's denial of an award of attorney's fees.[7]

### ORDER

AND NOW, this 29th day of June, 2005, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED.

DISSENTING OPINION BY Judge McGINLEY.

I respectfully dissent to the majority's

conclusion that "employer's contest was reasonable and the Board did not err in affirming the WCJ's denial of an award of attorney's fees." (footnote omitted). Opinion at 165.

In the present controversy, the record reveals that Employer committed two violations of the Act. First, Employer issued its first payment to Claimant approximately one week beyond the twenty-one day period following Claimant's injury. Section 406.1(a) of the Act, 77 P.S. § 717.1(a), provides that "[t]he first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability." Second, after the second monthly payment, Employer sent compensation payments every two weeks, which differed from Claimant's weekly pay schedule. Pursuant to Section 308 of the Act, 77 P.S. § 601, "all compensation payable under this article shall be payable in periodic installments, as the wages of the employe were payable before the injury." Claimant only challenges the WCJ's determination that the "contest of the matter

---

Consequently, the WCJ imposed a penalty and awarded attorney fees. On appeal, we summarily affirmed the award of attorney fees, noting that, "[e]mployer's refusal to pay Claimant's medical bills was a violation of the Act, there could be no reasonable contest and the award of counsel fees was also proper." 720 A.2d at 799.

Each of these cases is distinguishable on its facts. Unlike the present case, each of these cases involved serious violations of the Act for which no excuse or mitigating circumstances was found, making the contests unreasonable as a matter of law. However, *Hoover*, which is not cited by Bates, is a case much more factually similar to this, wherein we reversed the denial of fees based upon *Body Shop* and *Overton*. At issue in *Hoover* was both the award of penalties and the imposition of counsel fees. Our court en banc later overruled *Hoover* on the issues of penalties, hold-

ing that "[b]ecause the Board's own regulations provided that Employer's obligation to pay was, in effect, stayed, it was an abuse of discretion for the WCJ to award penalties for the period during which the supersedeas was being processed." *Snizaski*, 847 A.2d at 143. The counsel fee issue was not addressed in *Snizaski*, since the reversal of the penalty award necessarily validated the reasonableness of the contest. However, to the extent the holding of *Hoover* regarding counsel fees remains viable and is inconsistent with the holding herein, it is expressly overruled.

7. Claimant also contends that the WCJ's decision is not reasoned as required by Section 422(a) of the Act, *as amended*, 77 P.S. § 834, and that a remand is in order for further fact-finding. While we find no merit to this contention, we note that the issue was not raised before the Board and, therefore, is waived.

was reasonable." [1]

Section 440(a) of the Act, 77 P.S. § 996(a) provides:

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, *in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fees,* ... *Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.* (emphasis added).

The employer shoulders the burden of proving reasonable contest. *Ricks v. Workers' Compensation Appeal Board (Parkway Corporation)*, 704 A.2d 716 (Pa. Cmwlth.1997). The existence of a reasonable contest is a question of law reviewable by this Court. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Re-*

*habilitation)*, 730 A.2d 1025 (Pa.Cmwlth. 1999). Finally, case law establishes that an employer's violation of the Act give rise to an unreasonable contest as a matter of law. *Varkey v. Workers' Compensation Appeal Board (Cardone Industries & Fireman Fund)*, 827 A.2d 1267 (Pa. Cmwlth.2003).

In *Varkey*,[2] this Court addressed the issue of unreasonable contest counsel fees:

The WCAB reversed the legal fee award. Although the WCAB agreed that some penalty was appropriate for Employer's [Cardone's] delay in payment of Paragraph 10(g) benefits, the WCAB was not satisfied that WCJ Liebau properly concluded that Employer unreasonably contested the penalty petition .... However, the situation in this case can be compared to other cases involving a violation of the Act, wherein we held that the employer's contest was not reasonable and an award of attorney's fees was appropriate. See e.g., *Hoover* [*v. Workers' Compensation Appeal Board (ABF Freight Systems)*, 820 A.2d 843] (Pa. Cmwlth.2003) [3] (holding that where an employer violated the Act by failing to timely re-commence payment of the

1. Here, the WCJ ordered a penalty of twenty percent, not Claimant's requested fifty percent. However, Claimant did not challenge the imposition of penalties. Pursuant to Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i):

(d)(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays.

2. In *Varkey*, the attorney for Cardone Industries' (Cardone) stipulated that partial disability benefits had not been paid to Geerarughese Varkey (Varkey) and that Varkey's earnings were not reviewed in a timely manner. The WCJ determined that Cardone violated the Act and concluded that Cardone's

contest of the penalty petition was unreasonable. The WCJ order Cardone to pay counsel fees. The Board reversed the award and this Court reversed the Board on appeal.

3. *Hoover* has been overruled (on other grounds). In *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 847 A.2d 139 (Pa.Cmwlth.), *allocatur granted*, 580 Pa. 549, 862 A.2d 582 (2004), this Court, in an *en banc* panel, noted that "[b]ecause the Board's own regulations provided that Employer's obligation to pay was in effect, stayed, it was an abuse of discretion for the WCJ to award penalties for the period during which the supersedeas was being processed." *Id.* at 143. The issue of the counsel fee was not addressed by this Court in *Snizaski* because the reversal of the penalty award in *Hoover* validated the reasonableness of the contest.

claimant's compensation benefits, the employer's contest was unreasonable and warranted an award of attorney's fees); *Department of Public Welfare v. Workers' Compensation Appeal Board (Overton)*, 783 A.2d 358 (Pa.Cmwlth. 2001) (holding that an employer's refusal to abide by a stipulation approved by the WCJ constituted a violation of the Act that precluded a finding of a reasonable contest, thereby rendering an award of penalties proper); *Body Shop v. Workers' Compensation Appeal Board (Schanz)*, 720 A.2d 795 (Pa.Cmwlth. 1998) (holding that where an employer violated the Act by refusing to pay the claimant's medical expense related to his work injury, there could be no reasonable contest and the award of counsel fees was proper).

Here, WCJ Liebau determined, and the WCAB agreed, that Employer [Cardone] had violated the Act by delaying payment of Paragraph 10(g) benefits [partial disability benefits] and failing to make quarterly reviews. In addition, we now have determined that Employer [Cardone] also violated the Act by failing to commence payment of Paragraph 10(a)-(f) benefits [past due compensation] in a timely manner. Such violations render Employer's [Cardone's] contest in this matter unreasonable, making the award of attorney's fees proper. Hoover; Department of Public Welfare; Body Shop. Accordingly, we reverse the WCAB to the extent that it denied WCJ Liebau's award of such fees to Claimant [Varkey]. (emphasis added).

*Id.* at 1276.

Here, as in *Varkey*, Employer's untimely payment of benefits triggered violations of the Act which rendered Employer's contest unreasonable, and Claimant is entitled to counsel fees. I believe the WCJ erred when he deemed Employer's contest rea-sonable. As a result, I would reverse and remand to the Board to remand to the WCJ for a determination of unreasonable contest counsel fees.

Judge SMITH–RIBNER and Judge FRIEDMAN join in this dissent.