**Renee SNIZASKI, widow of Randy Snizaski, deceased, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ROX COAL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 2004.

Decided March 19, 2004.

Reargument En Banc Denied May 11, 2004.

Fred C. Jug, Pittsburgh, for petitioner.

Pamela G. Cochenour, Pittsburgh, for respondent.

BEFORE: COLINS, President Judge, McGINLEY, PELLEGRINI, FRIEDMAN, COHN, SIMPSON and LEAVITT, JJ.

---

OPINION BY Judge PELLEGRINI.

Renee Snizaski (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) reversing a grant of counsel fees and a penalty award from the Workers' Compensation Judge (WCJ).

Claimant is the widow of Randy Snizaski (Decedent). Decedent was employed as a coal mine superintendent for Rox Coal Company (Employer), and on the morning of May 7, 1996, he died in a one-car motor vehicle accident on his way to work. Claimant filed a fatal claim petition alleging that the death of her husband was a compensable event under the Workers' Compensation Act (Act).[1] The WCJ denied the petition, but on October 21, 1999, the Board reversed the denial of benefits and remanded the case for the computation and award of benefits. On June 13, 2000, the Board ordered Employer to pay Claimant and her four children compensation at a rate of $527.00 per week.[2]

On July 6, 2000, Employer filed an application for supersedeas with the Board. The Board's regulations in effect at the time this case was filed required that the petition be filed within 20 days of the Board's order, and the party opposing a supersedeas had ten days in which to respond to the petition.[3] 34 Pa.Code §§ 111.22, 111.23.[4] The Board was then required by 34 Pa.Code § 111.24(b)[5] to render a decision granting or denying supersedeas within 20 days following the receipt or due date of a claimant's answer, and if no decision was rendered by that time, the request for supersedeas was deemed denied.[6] While the supersedeas request was pending before the Board but after the 30-day time period for payment of an award, Claimant threatened to execute against Employer's property as allowed under Section 428 of the Act.[7] Due

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4, 2501–2626.

2. Employer appealed the Board's decision but we affirmed it on February 2, 2001, at *Rox Coal Company v. Workers' Compensation Appeal Board (Snizaski)*, 768 A.2d 384 (Pa. Cmwlth.2001), *affirmed*, 570 Pa. 60, 807 A.2d 906 (2002).

3. *See* 34 Pa.Code §§ 111.21–111.24. Effective December 7, 2002, those regulations were amended. All references are to the regulations as they read prior to the amendments.

4. 34 Pa.Code § 111.22 provided that "a request for supersedeas shall be filed with the Board within the time allowed by law for appeal from the referee's decision or Board order from which the supersedeas is requested." In addition, 34 Pa.Code § 111.23 stated that "an answer to a request for supersedeas may be filed with the Board within 10 days of service of the request for supersedeas."

5. 34 Pa.Code § 111.24 provided that "the Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever oc-

curs first, or the request shall be deemed denied."

6. The regulations provided for no more than 50 days from the date of the original order for a decision on the requested order: 20 days for employer to file its petition; 10 days for the claimant to respond; and 20 days from that response for the Board to decide to grant or deny supersedeas. Pa. R.A.P. 1701(b) gives an agency jurisdiction to grant or deny supersedeas after the time for appeal has expired.

7. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 921. According to Section 428 of the Act, Employer should have paid Claimant the outstanding portion of the award by July 13, 2000, 30 days after the Board's June 13, 2000 order. That section provides:

Whenever the employer, who has accepted and complied with the provisions of section three hundred five, shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of

to that threat, on July 25, 2000, Employer paid Claimant total back due compensation in the amount of $147,000.00. On July 31, 2000, within the required 20–day time period, the Board denied Employer's request for supersedeas.[8]

Because Employer did not pay Claimant within 30 days of the Board's June 13, 2000 order, on November 13, 2000, Claimant filed a penalty petition alleging that by not paying the award within 30 days, Employer violated Section 428 of the Act. The Employer filed an answer denying the allegation and contending that the payment was not late because, during that period, it had a petition for supersedeas pending, and the Board regulations contemplated that an employer would not make payment within the 30 days provided for in the Act. In any event, it argued that a penalty would not be appropriate because its payment was only 12 days late. Rejecting Employer's argument, the WCJ granted the petition and awarded Claimant a penalty of $14,771.92 and attorney's fees of $2,810.80, concluding that a penalty was appropriate because it was not made within the required 30 days and a pending

supersedeas did not vitiate that obligation.[9] On appeal, the Board reversed both the penalty award and grant of attorney's fees, reasoning that Employer had no obligation to pay while its supersedeas request was still pending before the Board. This appeal followed.[10]

The issue in this case then is whether the WCJ committed an abuse of discretion when he awarded penalties for a 12–day delay in payment when that payment was made within the period envisioned by the Board's own supersedeas regulations.

Claimant contends that the Board erred in reversing the WCJ's award of a penalty and attorney's fees because the filing of an appeal and a request for supersedeas is not sufficient to suspend Employer's obligation to pay benefits under the Act. She argues that under the Act, where an employer does not pay an award within 30 days of the date on which its obligation to pay arose, a violation of the Act has occurred. Section 428 of the Act, 77 P.S. § 921.[11] In support of her position, she cites *Hoover v. Workers' Compensation Appeal Board (ABF Freight Systems)*, 820 A.2d 843 (Pa.Cmwlth.2003), where we held

---

the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award. Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award. Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith.

8. Pursuant to Pa. R.A.P. 1781(a), Employer then filed for supersedeas with this Court, which was also denied on September 8, 2000.

9. According to Section 435(d) of the Act, 77 P.S. § 991(d)(i), the penalty must not exceed

ten per centum of the amount awarded and interest accrued and payable, although an increased penalty of 50 per centum is permissible in cases of unreasonable or excessive delays.

10. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Murphy v. Workers' Compensation Appeal Board (Mercy Catholic Medical Center)*, 721 A.2d 1167 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 560 Pa. 691, 742 A.2d 678 (1999).

11. *See* Footnote 7.

that a WCJ did not abuse his or her discretion by awarding penalties for an employer's delay in making payment of an award in excess of 30 days just because a request for supersedeas was pending. In *Hoover*, an award was paid 36 days after the Board's decision to award payments. Like here, a request for supersedeas was pending before the Board. Again, like in this case, the claimant filed a penalty petition contending that because payment was not made within 30 days, an award of penalties was appropriate which a WCJ granted. Finding no abuse of discretion, we affirmed the award of penalties because not paying the award within 30 days was in violation of the Act and employer's request for a supersedeas did not suspend that obligation. Because Section 430(b) of the Act [12] authorizes the imposition of penalties pursuant to Section 435 of the Act when an employer refuses to pay benefits provided for in an order without filing a petition and being granted a supersedeas, we held that it was appropriate for the WCJ to impose penalties in *Hoover*.[13]

Not disputing that *Hoover*[14] controls, Employer and the Board contend that it was wrongly decided and should be reversed. They argue that even though a penalty is authorized by the Act where payment is not made within 30 days, the imposition of a penalty is at the discretion of the WCJ, and penalties are not required to be awarded even if a violation of the Act is apparent on the record. *Galloway v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 756 A.2d 1209 (Pa.Cmwlth.2000). They contend that it is an abuse of discretion for a WCJ to award penalties where an employer was merely following the Board's supersedeas regulations because the regulations anticipate that an employer's obligation to pay is stayed while the petition for supersedeas is being processed by the Board.

In *Candito*, we addressed whether penalties should be imposed while an employer's request for supersedeas was pending, *albeit* before this Court. At issue in that case was whether it was an abuse of discretion not to award penalties where payment was not made with the 30–day time period when the Board had denied the supersedeas request but then this Court had ultimately granted it. In holding that it was not an abuse of discretion, we noted that to award penalties where an employer expeditiously filed a request for a supersedeas, the Board's own regulations reasonably allowed it to file its order denying or allowing the supersedeas request within 20 days after the 30 days for payment was to commence. We then stated that, "[t]o

---

**12.** 77 P.S. § 971(b). That section provides:
   (b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

**13.** Where a violation of the Act occurs, Section 435(d) of the Act, 77 P.S. § 991(d), also confers upon a WCJ the power to award a penalty. That section provides, in relevant part:
   (d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure.

**14.** *Hoover* relied on *Cunningham v. Workmen's Compensation Appeal Board (Inglis House)*, 156 Pa.Cmwlth.241, 627 A.2d 218 (1993) and *Crucible, Inc. v. Workmen's Compensation Appeal Board (Vinovich)*, 713 A.2d 749 (Pa.Cmwlth.1998). In neither of those cases was the issue raised that it was an abuse of discretion for a WCJ to award penalties because the employer was following the Board's regulation.

hold that an employer is liable for penalties for not paying compensation when its request for supersedeas is pending is, in effect, to make an employer's right to seek a supersedeas in most instances a nullity." *Candito*, 785 A.2d at 1110.[15] Because the Board has promulgated regulations that, in effect, purport to stay an employer's obligation to pay when a proper request for a supersedeas has been filed and, in *Candito*, the employer was merely following those regulations, it was an abuse of discretion for the WCJ in that case to award penalties for the period in which a request for supersedeas was pending before the Board.

In accord with *Candito*, we agree that our decision in *Hoover* should be overruled because we failed to adequately focus on the fact that Employer was merely following the Board's duly promulgated regulations when it failed to pay within the 30-day time period of the Act. Because the Board's own regulations provided that Employer's obligation to pay was, in effect, stayed, it was an abuse of discretion for the WCJ to award penalties for the period during which the supersedeas was being processed.

Accordingly, the decision of the Board is affirmed.

### O R D E R

AND NOW, this *19th* day of *March*, 2004, the order of the Workers' Compensation Appeal Board at No. A01–1460 dated December 20, 2002, is affirmed.

FRIEDMAN, J., dissented and filed opinion.

### DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. The majority holds that it was an abuse of discretion for the workers' compensation judge (WCJ) to award penalties to Renee Snizaski (Claimant), widow of Randy Snizaski, deceased, for the period in which the request for supersedeas filed by Rox Coal Company (Employer) was pending before the Workers' Compensation Appeal Board (WCAB). In so holding, the majority overrules *Hoover v. Workers' Compensation Appeal Board (ABF Freight Systems)*, 820 A.2d 843 (Pa.Cmwlth.2003). However, unlike the majority, I believe that *Hoover* was correctly decided.

Section 428 of the Pennsylvania Workers' Compensation Act[1] (Act) provides that an employer violates the Act if it fails to make payments within thirty days of the date on which its obligation to pay arises. Section 430(b) of the Act provides that any employer who refuses to make any payment provided for in a decision without filing a petition and being granted a supersedeas shall be subject to a penalty under section 435 of the Act. 77 P.S. § 971(b). Section 435(d) of the Act[2] authorizes the imposition of penalties for violations of the Act. 77 P.S. § 991(d). Here, there is no

---

**15.** We did go on to state: "[h]owever, consistent with *Crucible, [Inc. v. Workmen's Compensation Appeal Board (Vinovich)]*, 713 A.2d 749 (Pa.Cmwlth.1998)], if we had ultimately denied the supersedeas request, Employer may be liable for penalties for the entire period of non-payment." *Candito*, 785 A.2d at 1110. What we were referring to was the time period after the time period between when the Board denied payments and we denied supersedeas. We note that in making

that comment, there is no appellate rule similar to the Board's regulation.

**1.** Act of June 2, 1915, P.L. 736, *added by* the Act of June 26, 1919, P.L. 642, *as amended*, 77 P.S. § 921.

**2.** Section 435(d) of the Act, *added by* the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d).

question that Employer violated section 428 of the Act by failing to make payments within thirty days of the date on which its obligation to pay arose. Thus, the WCJ had a proper basis for the imposition of penalties.

Because the imposition of penalties is discretionary, we will not overturn a penalty on appeal absent an abuse of discretion. *Hoover.* An abuse of discretion is demonstrated when the penalties are manifestly unreasonable or show partiality, prejudice, bias or ill will toward a litigant. *Jetson Direct Mail Services, Inc. v. Department of Labor and Industry,* 782 A.2d 631 (Pa. Cmwlth.2001), *appeal denied,* 568 Pa. 727, 797 A.2d 917 (2002).

The majority does not suggest that the record contains evidence that the WCJ showed partiality, prejudice, bias or ill will toward Employer in imposing the penalties. Evidently, the majority believes that it was manifestly unreasonable to impose penalties in this case because Employer's failure to make timely payment was a result of Employer's reliance on the WCAB's supersedeas regulations. I do not agree that Employer's reliance on those regulations renders the penalties manifestly unreasonable.

At the time relevant to these proceedings, the WCAB's regulations essentially provided that: (1) a request for supersedeas must be filed within twenty days of the WCAB's order; (2) the opposing party may file a response within ten days of service of the request; and (3) the WCAB will rule on the request within twenty days thereafter. 34 Pa.Code §§ 111.22–111.24. Thus, the regulations allow fifty days to elapse before a petitioner knows whether the WCAB has granted the request for supersedeas. However, the WCAB's regulations cannot supersede the statute. Although they may create a dilemma for employers seeking a supersedeas from the WCAB, the regulations cannot alter the thirty-day requirement in section 428 of the Act. I submit that the effect of the majority's holding in this case is that employers now can wait fifty days instead of thirty days to begin paying their obligations to claimant, *without* penalty. *This* is manifestly unreasonable.

Accordingly, I would reverse.