**CONOCOPHILLIPS formerly Tosco Oil, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (LOGAN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2005.

Decided Jan. 19, 2006.

Peter J. Weber, Philadelphia, for petitioner.

Janet L. Palese, Asst. Counsel, Harrisburg, for intervenor, Bureau of Workers' Compensation.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

ConocoPhillips, formerly Tosco Oil (Employer), appeals an order of the Workers' Compensation Appeal Board (Board) denying its Application for Supersedeas Fund Reimbursement (Application) because it made a payment on award of benefits which was later reduced to Thomas Logan (Claimant) before there was a denial of the request for supersedeas as required by Section 443(a) of the Workers' Compensation Act (Act).[1]

On September 14, 1999, Claimant filed a claim petition alleging that he suffered occupational hearing loss while in the course of his employment with Employer. Workers' Compensation Judge Joseph Stokes (WCJ Stokes) ordered Employer to pay Claimant 80.86 weeks of hearing loss benefits in a decision circulated March 7, 2001. On March 27, 2001, the Employer appealed and requested supersedeas, the last day to request a supersedeas under the Board's regulations (Special Rules).[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999. Section 443(a) provides as follows:

 If, in any case in which a supersedeas has been requested and denied under the provisions of Section 413 or Section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact payable, the insurer who has made such payments shall be reimbursed therefor.

 In order to obtain reimbursement from the supersedeas fund, (1) a supersedeas must have been requested; (2) *the request for supersedeas must have been denied;* (3) the request must have been made in a proceeding under Sections 413 or 430 of the Act; (4) payments were continued because of the order denying the supersedeas; and (5) in the final outcome of the proceedings, it was determined that such compensation was not, in fact, payable. (Emphasis added.) *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Commonwealth*

*of Pennsylvania),* 826 A.2d 21 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 575 Pa. 694, 835 A.2d 711 (2003). In order for an employer to receive reimbursement for the amount it paid to a claimant, the employer must prove that it met the prerequisites of Section 443(a). *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Company),* 113 Pa.Cmwlth.607, 538 A.2d 587 (1988).

2. 34 Pa.Code §§ 111.21–111.24. At the time the supersedeas was filed, 34 Pa.Code § 111.22 provided that "a request for supersedeas shall be filed with the Board within the time allowed by law for appeal from the referee's decision or Board order from which the supersedeas is requested." 34 Pa.Code § 111.23 stated that "an answer to a request for supersedeas may be filed with the Board within 10 days of service of the request for supersedeas." 34 Pa.Code § 111.24 provided that "the Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be

Those Special Rules provide that a request for supersedeas must be made within 20 days of the WCJ's order, and the responding party's answer is due within 10 days after service of its request. The Board's decision must be issued within 20 days of receipt of the answer to the request for supersedeas or it is deemed denied. If all the parties and the Board take all of the time allotted by the Special Rules, the Board's decision, affirmatively or deemed, can be rendered as late as 50 days after the WCJ' order.

On April 19, 2001, well within the 50 days provided by the Special Rules, Employer's supersedeas request was granted pending oral argument on the appeal scheduled for June 2001. Unfortunately, unaware that the Board had granted a supersedeas, Employer on the same day paid to Claimant a lump sum hearing loss award of $52,139.96. Through an unexplained delay, the Board did not decide the appeal of the award of the lump sum payment order until January 13, 2003.[3] The Board, reversing in part, reduced the amount of Claimant's award proportionate to the amount of hearing loss attributable to his employment with Employer, netting a reduction in the amount that was due to Claimant of $36,414.84.

Seeking reimbursement of $36,414.84, Employer then filed the Application asserting that although its supersedeas request of March 27, 2001, was granted, not denied by the Board because the award was reduced, it was still entitled to reimbursement from the Supersedeas Fund (Fund) for the overpayment. Acting in its capacity as conservator of the Fund, the Bureau of Workers' Compensation (Bureau) filed an answer on September 12, 2003, asserting that Employer was not entitled to reimbursement from the Fund because the request for supersedeas was granted rather than denied, and that under Section 443(a) of the Act, Employer had failed to present grounds on which relief could be granted.

The matter was then assigned to Workers' Compensation Judge Robert Simmons (WCJ Simmons) who denied Employer's Application in a decision circulated on February 13, 2004. Relying on our then-recent decision in *Snizaski v. Workers' Compensation Appeal Board (Rox Coal Co.)*, 847 A.2d 139 (Pa.Cmwlth.2004), holding that it was an abuse of discretion for a WCJ to impose penalties on an employer who had delayed payment before the 50 days had passed and the request was deemed denied, WCJ Simmons found that the supersedeas request could not have been deemed denied because the Board had granted the request within 50 days of WCJ Stokes' decision. Because Employer failed to meet the requirement under Section 443 that the payment was made "as a result" of a denial of its request for a supersedeas, WCJ Simmons held that it was ineligible to receive reimbursement from the Fund. Employer appealed to the Board which affirmed and this appeal followed.[4]

---

deemed denied." Effective December 7, 2002, those regulations were amended.

3. Neither the WCJ, the Board nor any of the parties in their briefs mention that on June 15, 2001, the Board revoked its previous April 19, 2001 grant of supersedeas and denied Employer's request. When asked at oral argument, Employer's counsel stated that this denial has no effect on the outcome of the case, so we will not consider that order.

4. Employer appealed to this Court on March 18, 2005, naming the Board and Claimant as respondents. The Bureau filed a notice of intervention in the matter as a party respondent pursuant to Pa. R.A.P. 1531(a) because it believes that it is the proper respondent in cases where reimbursement from the Fund is sought. Claimant has not participated in the proceeding.

The sole issue on appeal is whether Employer is entitled to reimbursement from the Fund where it made payment of compensation before the Board formally denied its request for supersedeas. Notwithstanding the Board's Special Rules that provide for a deemed denial 50 days after the WCJ's decision, Employer contends that because it is required to make payment within 30 days of the award or be subject to penalties under Section 431(b) of the Act, 77 P.S. § 971(b), if the Board does not act on the supersedeas request within that 30 days, the request for supersedeas should be "deemed denied" as matter of law for purposes of Section 443(a) of the Act, and it is entitled to reimbursement from the Fund.

Deemed denials or, for that matter, deemed approvals, not created by the legislature or the entity's own regulations or rules, are not favored because they take away the discretion vested in that entity that is charged with making the decision. In several cases in the past, though, dealing with the imposition of penalties and concerned with the possibility that a claimant would not receive the compensation that he or she was due, we have considered applications for a supersedeas deemed denied where the Board took an inordinate amount of time in acting on the request. *See, e.g., Cunningham v. Workmen's Compensation Appeal Board, (Inglis House)*, 156 Pa.Cmwlth.241, 627 A.2d 218 (1993) (four-month delay in Board's

ruling on a supersedeas request operates as a deemed denial); *M.D.S. Laboratories v. Workmen's Compensation Appeal Board (Munchinski)*, 125 Pa.Cmwlth.460, 558 A.2d 148 (1989) (10–month delay is tantamount to a deemed denial). Not only is the 43–day delay not the inordinate delay required by those cases, but additionally, all of those cases involved events occurring before the Board issued the Special Rule in 1989 that stated there was a deemed denial if the Board did not act on the request within 50 days from the date of the award. For us to do as Claimant suggests and create a 30 day instead of the 50–day period deemed denial the Board decided that was needed to have the losing party decide whether to appeal, request a supersedeas, to have the prevailing party answer the request and for the Board to decide the request, would be an abuse of discretion on our part.

We recognize, though, that because there is a requirement to pay compensation under the Act within 30 days but no corresponding duty imposed on the Board to act on a supersedeas request within 30 days,[5] employers would have been in a quandary in that they may have well had to make the choice of not paying the award and being subject to a penalty or paying the award before the supersedeas request was acted upon and foregoing supersedeas fund reimbursement. While dealing with penalties, *Snizaski*, which Employer calls

---

**5.** Section 431(b) of the Act, 77 P.S. § 971(b), states:

(b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435 except in the case of payments terminated as provided in section 434.

Section 435(d) of the Act, 77 § 991(d), provides:

(d) The department, the board or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violation of the provisions of this act or such rules and regulations or rules of procedure. Additionally, Section 428 of the Act states that a civil judgment may be entered against an employer who fails to issue payment within 30 days of entry of an award of benefits. 77 P.S. § 921.

an aberrant decision, resolves that quandary. In that case, we held that it was an abuse of discretion for a WCJ to impose penalties on an employer for not paying an award of benefits within the 30–day period while a supersedeas request was still pending, reasoning that the Board's Special Rules operated as a stay of an employer's obligation to pay under the Act while the supersedeas request was being processed or 50 days had past, whichever occurred first. *Snizaski*, 847 A.2d at 143. Regarding requests for supersedeas and the needed denial of a supersedeas to obtain reimbursement from the Fund, the Special Rules and *Snizaski* recognize that once a claimant receives an award of a lump sum payment for retroactive compensation or specific loss benefits and that award is later reversed or modified, the claimant is not required to repay that money. Instead, the employer must resort to repayment from the Fund, which itself is funded by employers and their insurance carriers. If payments are then made to a claimant who was not entitled to those benefits, it drives up workers' compensation costs and the cost of doing business, not to mention that it takes funds out of the system that could otherwise go to deserving claimants. The Special Rules, as recognized in *Snizaski*, give the Board additional time to decide whether there is a substantial possibility of error on the part of the WCJ that would justify the grant of the supersedeas with the attendant effect of protecting the Fund and providing for the definite denial that employers need to obtain reimbursement under Section 443(a) of the Act, with an almost *de minimus* delay in the claimant receiving compensation.

Because there was no formal or deemed denial at the time payment of compensation was made, Employer failed to meet the prerequisites of Section 443(a) needed to obtain reimbursement from the Fund.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this *19th* day of *January,* 2006, the order of the Workers' Compensation Appeal Board, No. A04–0621, is affirmed.

CONCURRING OPINION BY Judge LEAVITT.

I concur in the result.

*Snizaski v. Workers' Compensation Appeal Board (Rox Coal Company)*, 847 A.2d 139 (Pa.Cmwlth.2004), established the principle that an employer's statutory obligation to pay an award is stayed while its supersedeas request is being processed. *Snizaski* was decided three years after the events in question occurred, a point not mentioned by the majority. There was no way Employer could have anticipated the *Snizaski* rule. I believe, therefore, that an employer who paid within 30 days of an award, while a supersedeas request was pending could be held to have done so under a "deemed denial." This would not, therefore, render the employer ineligible for recovery from the Supersedeas Fund. I fail to see a significant difference between a deemed denial and a deemed approval, as does the majority.

However, Employer made its payment 13 days after the deadline for making payment to Claimant had passed. Employer could have been assessed penalties, but was not. Indeed, the amount of these penalties could have equaled the amount of reimbursement available from the Supersedeas Fund for Employer's overpayment.

In light of these facts, I concur in the majority's result. I disagree, however, that a "deemed denial" could not be found, in the appropriate case. It is hoped, how-

ever, that in light of *Snizaski,* few of these cases continue to linger.