**Mark CAPPER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ABF FREIGHT SYSTEMS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2003.

Decided June 6, 2003.

Brian R. Steiner, Philadelphia, for petitioner.

Francis J. Sherry, Wayne, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY SENIOR JUDGE McCLOSKEY.

Mark Capper (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the order of a Workers' Compensation Judge (WCJ) which concluded that ABF Freight Systems, Inc., (Employer) had presented a reasonable contest with regard to its suspension petition and the claim petition filed by Claimant. We affirm.

Claimant suffered a back injury while working for Employer as a truck driver on August 2, 1999. Claimant had alleged that he sprained his back while pushing a box inside the trailer of a truck. Employer began making payments to Claimant by way of a notice of temporary compensation payable based on an average weekly wage of $1012.53 pursuant to the provisions of the Pennsylvania Workers' Compensation Act (Act).[1] On August 17, 1999, Employer filed a notice of suspension or modification. Employer alleged that Claimant was returning to work and sought a suspension of Claimant's benefits as of August 20, 1999. Claimant challenged the suspension, alleging that while he did return to his pre-injury job at his pre-injury rate of pay, he was not receiving an average weekly wage of $1012.53 due to a decrease in the amount of overtime he had worked. On October 7, 1999, Employer filed a second notice of suspension or modification. Employer asked that the Claimant's benefits be suspended as of October 1, 1999. Employer explained that Claimant had some partial disability periods following the filing of its first notice of suspension, but had returned to full-time work as of October 1, 1999. Claimant filed a second challenge petition on October 26, 1999.

On November 8, 1999, Claimant also filed a claim petition alleging that his compensation had been incorrectly calculated and seeking payment of medical bills, reimbursement for travel and counsel fees.[2]

On November 19, 1999, the WCJ determined that the suspension was not appropriate as Claimant's wages upon his return to work did not equal or exceed his average weekly wage. Thus, Claimant's challenge was granted. Claimant's claim petition was still pending and not yet before the WCJ when the decision as to the suspension was made.

Employer appealed to the Board, alleging that the WCJ did not base his decision on competent evidence. Employer also requested that the case be remanded to the WCJ so it could present additional evidence establishing that the unavailability of overtime was due to a change in economic conditions. Employer further requested that supersedeas be granted pending its argument before that Board and on December 28, 1999, the Board granted Employer's supersedeas request.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. We note that at this point in time Claimant was acting *pro se*.

On December 14, 2000, the Board granted a remand and authorized Employer to present evidence as to its overtime policy, its current availability of overtime and whether the decrease in Claimant's overtime was due to Claimant's work injury or due to the non-availability of overtime for all of Employer's truck drivers.

During the one-year period that the Board was considering Employer's appeal of the challenge to the suspension petition, several other hearings took place before the WCJ. The first occurred on January 10, 2000, when the WCJ held a hearing regarding Claimant's claim petition and the subsequent suspension petition filed by Employer. Claimant agreed that, as of the date of the hearing, he was working full-time at his pre-injury position with no loss of benefits. However, the WCJ decided to continue the case until the Board had rendered a decision as to the issue that was currently on appeal.

Claimant was acting *pro se* at the January 10, 2000, hearing. However, shortly thereafter, on January 18, 2000, he retained Brian Steiner, Esquire, (Counsel) as his counsel.

On February 14, 2000, oral argument was heard by the Board. Following oral argument, the Board revoked the supersedeas order of December 28, 1999, and denied supersedeas to January 10, 2000. Supersedeas was then granted from January 10, 2000, thereafter.

On June 12, 2000, Counsel made his first appearance before the WCJ. At the time of this hearing, Counsel agreed that his client had been paid benefits through January 10, 2000. The issues Counsel raised at this hearing involved the issues raised in Claimant's claim petition. It was alleged that Claimant should be compensated: (1) for the days he lost wages to attend the WCJ hearings; (2) for his driving mileage expenses to doctor's appointments; and (3) for penalties and counsel fees. Following argument by counsel on the issues, the WCJ listed the case for testimony, with the hope that the parties would be able to reach a settlement prior to further hearings being necessary.

The next hearing was held before the WCJ on October 16, 2000. At that time, the Board appeal had still yet to be decided. However, the WCJ heard the argument of Claimant's counsel as to the claim petition and the suspension petition. Counsel argued that he was entitled to attorney fees as to the initial suspension petition, despite the fact the Claimant was *pro se* at the time of his challenge to the suspension petition before the WCJ and despite the fact that Claimant had already been awarded benefits for the period of time he had alleged he was injured. Counsel argued that he was entitled to fees from the time of his involvement in the action as he represented Claimant at the Board appeal and he represented Claimant at the further WCJ hearings.

Counsel alleged that Employer presented an unreasonable contest as to the notice of suspensions in that Employer had agreed to pay Claimant for the period of time up to January 20, 2000. Nevertheless, Employer's first notice of suspension attempted to stop payments as of August 20, 1999. Counsel alleged that since Employer attempted to stop payments at an earlier date than the January 20, 2000, date, the contest was unreasonable.

The WCJ determined that Employer had presented a reasonable contest and that even if the contest was unreasonable, the WCJ had awarded Claimant benefits up to January 20, 2000, prior to his retention of counsel. Thus, attorney fees were not warranted. The WCJ noted that an appeal was still pending, but as Claimant admitted that he was not due any monies

after January 20, 2000, the WCJ believed that was the date the suspension petition should be granted.

Counsel also alleged that Employer presented an unreasonable contest as to the claim petition. At the October 16, 2000, hearing, Attorney Steiner requested reimbursement for prescriptions Claimant had paid for, only to learn that payment had already been made. Counsel then asked that Claimant be paid for the days he missed work to attend the WCJ hearings. The WCJ explained that he had already ordered that Claimant be paid; however, that was the part of the case that was on appeal. Counsel then asked that Claimant be reimbursed mileage expenses. The mileage traveled to one doctor was twenty-four miles from Claimant's home, another doctor was thirty miles from Claimant's home, and another doctor was forty miles from Claimant's home. Employer argued that Claimant lived in Douglasville, Pennsylvania, and that the medical providers were in King of Prussia, Pennsylvania and Norristown, Pennsylvania and were within a reasonable proximity to Claimant's home.

The WCJ stated that, generally, he allowed reimbursement for mileage if the distance is thirty miles or greater. However, it depended on where a claimant lived. He noted that it some areas of Pennsylvania, one hundred miles is considered a reasonable distance. The WCJ then noted to Employer that it would be cheaper for it to just pay Claimant the mileage expenses than to return for fur-

ther hearing on the matter. The WCJ asked Employer if, without acknowledging if it was a reasonable amount of travel, Employer was willing to pay Claimant for his attendance at the four hearings and for the travel. Employer agreed.

On June 29, 2001, the WCJ filed his opinion in this action. The WCJ granted the suspension petition as of January 20, 2000, and reimbursed Claimant for mileage and four days of lost wages. The WCJ determined that the remand ordered by the Board was moot. The WCJ also determined that Employer had presented a reasonable contest at all times.

Claimant appealed to the Board. Claimant argued that Employer had not presented a reasonable contest as to the first suspension petition and the claim petition. The Board disagreed, first noting that the suspension petition had been handled by Claimant *pro se* and, secondly, holding that Employer had a genuine issue in dispute and had even been awarded a grant of supersedeas. The Board also held that Employer had presented a genuine dispute as to the claim petition in that there was a genuine dispute as to the award of mileage.

Claimant has now appealed to this Court.[3] Claimant alleges that attorney fees should be awarded as Employer did not present a reasonable contest as to the first suspension petition or the claim petition.

 Whether an Employer's contest of liability is reasonable is a question of

---

3. Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence. *Tri–Union Express v. Workers' Compensation Appeal Board (Hickle)*, 703 A.2d 558 (Pa.Cmwlth. 1997). We also acknowledge our Supreme Court's recent decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Leon E. Wintermyer, Inc.*, 571 Pa. at 203, 812 A.2d at 487.

law reviewable by this Court. *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 161 Pa. Cmwlth. 89, 636 A.2d 250 (Pa.Cmwlth. 1993). "This court has often stated that the reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Elite Carpentry Contractors*, 636 A.2d at 252. It is an employer's burden to establish that there was a reasonable basis for contesting liability. *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)*, 141 Pa.Cmwlth. 398, 595 A.2d 761 (1991), *petition for allowance of appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991). However, an employer is not held to the standard of proving its evidence is legally sufficient in order to establish reasonableness. *Majesky.*

■ Counsel's first allegation is that Employer did not present a valid challenge to the first suspension petition. As noted by the WCJ and the Board, when the suspension petition was challenged by Claimant, Claimant represented himself. Thus, Counsel is not entitled to an award of counsel fees as to that action. However, even assuming *arguendo* that counsel fees could be awarded as to the suspension petition, Counsel's argument still fails as Employer did present a reasonable contest.

Employer alleged that Claimant had returned to his pre-injury position, full-time, at his pre-injury hourly rate. This was not disputed by Claimant; however, Claimant alleged that he was earning less than his average weekly wage as calculated under the Act because his back pain prevented him from working overtime. Employer's appeal to the Board was an attempt for it to show that Claimant was not working overtime due to the non-availability of overtime resulting from economic condi-

tions, not because of any alleged back pain. The Board, citing *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995), remanded the case to allow Employer to present evidence of overtime work availability.

While the question of the unavailability of overtime due to economic conditions has been addressed in *Harper & Collins v. Workmen's Compensation Appeal Board (Brown)*, 543 Pa. 484, 672 A.2d 1319 (1996), it was only addressed in the context of an employee who was re-assigned to a light-duty position. The issue of whether an employee who returns to his original position, full-time, with no restrictions, is entitled to receive workers' compensation benefits at a higher rate because overtime was available at the time of his injury, but not at the time of his return to work, has yet to be determined by the Pennsylvania Supreme Court. It is, at a minimum, an arguable issue for an employer to raise. As such, we believe that Employer presented a reasonable contest to the first challenge petition.

■ Counsel's second allegation is that Employer did not present a reasonable contest to the claim petition. Specifically, Claimant takes issue with the Board's determination that Employer had presented a reasonable contest as to the question of reimbursement for medical travel. To receive reimbursement for medical travel expenses, a claimant must establish:

1) [that] the employer was aware of the long distance treatment;

2) [that] the claimant was specifically referred to the distant location for the treatment;

3) whether the treatment was available at a closer location; and

4) whether the long distance treatment compromised an integral part of the ongoing medical treatment.

*Holly v. Workers' Compensation Appeal Board (Lutheran Home at Kane)*, 735 A.2d 153, 155 (1999), *petition for allowance of appeal denied*, 564 Pa. 717, 764 A.2d 1073 (2000). A claimant must then further establish that that treatment was received outside of the local area:

> What is considered 'local' is determined by what is considered 'local' by the residents living in the same area as claimant when treatment is not available in the immediate vicinity. If residents of the area routinely commute to where claimant is receiving treatment for similar medical care, then that commute is considered local. However, if residents do not routinely go to the area for treatment to which claimant is referred, then any travel to that area is considered long distance. Whether travel is considered local or long distance is a finding of fact made by the [WCJ]. Because each case will be different factually due to the residence of the claimant, the type of treatment, and the location of the available treatment, the [WCJ's] determination shall be based on evidence presented by both the claimant and the employer as to whether the treatment is available within that distance routinely traveled by others who reside in the same area as claimant and are receiving similar treatment.

*Holly*, 735 A.2d at 155–56.

In the instant case, Claimant did not supply any evidence as to the above elements or whether such travel in the area where Claimant resided was considered local or long distance. At the hearing, the WCJ actually stated that he would probably consider the twenty-four mile distance to be local and not order reimbursement. (R.R. at 74a). The WCJ stat-

ed that it was not unreasonable to contest reimbursement for travel at twenty-four and thirty-mile distances. (R.R. 88–89). However, he advised Employer to pay the amount requested by Claimant because it would be cheaper than returning for another hearing. (R.R. at 75a). As noted by the WCJ in the findings of fact, Employer "agreed to pay Claimant $161.20 for the mileage without admitting that it was due." (R.R. at 119a). As such, we believe that Employer presented a reasonable contest as to the claim petition.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 6th day of June, 2003, the order of the Workers' Compensation Appeal Board is affirmed.