IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradford Rice,                            :
                                          : No. 1021 C.D. 2015
                    Petitioner            : Submitted: October 16, 2015
                                          :
            v.                            :
                                          :
Workers' Compensation Appeal              :
Board (PPL Corp.),                        :
                                          :
                    Respondent            :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                        FILED: January 28, 2016


            Bradford Rice (Claimant) petitions for review of the May 27, 2015,
order of the Workers' Compensation Appeal Board (WCAB) affirming the decision
of a workers' compensation judge (WCJ) to grant in part the termination petition filed
by PPL Corporation (Employer) and amending the WCJ's order to require Employer
to pay Claimant $3,641.65 in litigation costs.  We affirm.


            On January 16, 2007, Claimant suffered "'bilateral knees [and] shoulders
[sic] strains/sprains'" in the course and scope of his employment with Employer,
which was recognized by a medical-only notice of compensation payable (NCP).
(WCJ's Findings of Fact, No. 1 (citation omitted).)  On January 13, 2010, a WCJ
expanded the NCP description of Claimant's right shoulder injury to include "'rotator

cuff tendonitis, subacromial impingement, changes at the acromioclavicular joint, and chondromalacia of the glenohumeral joint.'" (*Id.*, No. 2 (citation omitted).)

On July 24, 2012, a WCJ expanded the NCP description of Claimant's left shoulder injury to include "'an injury to the left AC joint with concurrent arthritis, an injury to the left glenohumeral joint with labral tearing and a chondral injury, left shoulder impingement and rotator cuff bursitis and tendonitis.'" (*Id.*, No. 3 (citation omitted).)

On February 27, 2013, Employer filed a termination petition alleging that Claimant had fully recovered from his work injuries as of December 7, 2012. On June 19, 2013, the WCJ conducted a hearing at which Employer presented the deposition testimony of Douglas Boylan, M.D., a board-certified orthopedic surgeon, who performed an independent medical examination (IME) on Claimant on December 7, 2012. Dr. Boylan took Claimant's history and reviewed numerous medical records, both before and after the IME. (*Id.*, No. 6.)

Dr. Boylan opined that Claimant was fully recovered from his work injuries as of December 7, 2012. Dr. Boylan noted that Claimant's AC joint arthritis had resolved due to surgery performed on both shoulders. Further, Claimant's tendonitis and bursitis were addressed with the subacromial decompressions, and there were no meniscal tears in Claimant's knees. Dr. Boylan did find some crepitus in Claimant's knees, but noted that crepitus is found in normal knees. Dr. Boylan stated that Claimant's work injuries had resolved long before the IME. However, on

2

cross examination, Dr. Boylan acknowledged that Claimant still had glenohumeral arthritis in both of his shoulders. (*Id.*)

Claimant submitted the deposition testimony of Robert C. Palumbo, M.D., a board-certified orthopedic surgeon. In June 2011, after receiving results from a functional capacity evaluation, Dr. Palumbo issued permanent restrictions for Claimant. Dr. Palumbo did not treat Claimant's knees or shoulders in 2012. Dr. Palumbo examined Claimant on April 29, 2013. Claimant told Dr. Palumbo that he has occasional pain and soreness when he "over does [sic] it." (Dr. Palumbo Deposition, 6/25/13, at 9; WCJ's Findings of Fact, No. 7.) Dr. Palumbo kept Claimant's restrictions in place and opined that Claimant is at his maximum medical improvement and continues to have some work impairment. (WCJ's Findings of Fact, No. 7.)

Dr. Palumbo acknowledged that the 2009 and 2010 surgeries addressed Claimant's shoulder tendonitis and eliminated the AC joint arthritis in his shoulders, but not in his glenohumeral joint. Dr. Palumbo noted that Claimant has an acceptable range of motion, but that it is not a normal range. Dr. Palumbo stated that he is not actively treating Claimant's knee injuries. (*Id.*)

Claimant testified before the WCJ that he has worked for Employer for 34 years and, at the time of his injury, was an electrical test technician. Claimant is currently employed by Employer as a utility person, which is a desk job. Claimant admitted to problems in both knees that resulted in surgery prior to the 2007 injury. Claimant further testified that at the time of the IME, he was experiencing pain in his

3

shoulders and in his knees. Claimant testified that his shoulders and knees do not feel the way they did before the 2007 work injury. (*Id.*, No. 5.)

On October 30, 2013, the WCJ granted Employer's termination petition in part.[1] The WCJ found Claimant's testimony generally credible. The WCJ further found that Employer established a change in Claimant's physical condition because Claimant's own medical expert, Dr. Palumbo, acknowledged that Claimant no longer suffers from AC joint problems or a labral tear, and that he is no longer treating Claimant's knee injuries. (*Id.*, Nos. 9-10.) The WCJ credited Dr. Boylan's testimony that Claimant is fully recovered from his bilateral knee strains/sprains, the AC joint problems, the rotator cuff tendonitis, the subacromial impingement, and the labral tearing of both shoulders. However, the WCJ found Dr. Palumbo's testimony credible that Claimant is not fully recovered from the bilateral chondromalacia and the arthritis of the glenohumeral joint. The WCJ awarded Claimant litigation costs, conditioned on proof of payment, but not attorney's fees, finding Employer's contest reasonable at all times. Claimant appealed to the WCAB.

The WCAB affirmed the WCJ's order granting Employer's termination petition in part and amending the WCJ's order to require Employer to pay Claimant

---

[1] Section 413 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772, provides that "A [WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a [NCP] . . . upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased." Here, the WCJ essentially chose to modify Claimant's NCP, determining that Claimant had fully recovered from some, but not all, of his injuries.

4

$3,641.65 in litigation costs because Claimant produced sufficient evidence of payment. Claimant petitioned this court for review.[2]

Claimant contends that the WCJ erred in failing to award him attorney's fees for an unreasonable contest. Section 440(a) of the Act,[3] provides that a successful claimant shall be awarded attorney's fees unless the defendant proves that it had a reasonable basis for the contest. 77 P.S. §996(a).[4] "[T]he reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Capper v. Workers' Compensation Appeal Board (ABF Freight Systems, Inc.)*, 826 A.2d 46, 51 (Pa. Cmwlth. 2003). The employer has the burden of proving a reasonable basis for

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] Section 440(a) of the Act provides:

> In any contest . . . including contested cases involving petitions to terminate . . . compensation awards . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: *Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.*

77 P.S. §996(a) (emphasis added). Section 440 of the Act was added by Section 3 of the Act of February 8, 1972, P.L. 25.

[4] Whether an employer's contest is reasonable is a question of law reviewable by this court. *Capper v. Workers' Compensation Appeal Board (ABF Freight Systems, Inc.)*, 826 A.2d 46, 50-51 (Pa. Cmwlth. 2003).

contesting liability. *Id.* "A reasonable contest is established where the evidence is conflicting or subject to contrary inferences." *Lemansky v. Workers' Compensation Appeal Board (Hagan Ice Cream Company)*, 738 A.2d 498, 501 (Pa. Cmwlth. 1999). As a reviewing court, we must look at the totality of the circumstances to determine reasonableness. *Eidell v. Workmen's Compensation Appeal Board (Dana Corporation)*, 624 A.2d 824, 826 (Pa. Cmwlth. 1993).

Initially, Claimant contends that the WCAB erred in failing to award attorney's fees from the date Employer filed its termination petition until the date of Dr. Boylan's deposition because Employer based its termination petition on Dr. Boylan's report, which did not discuss or acknowledge all of Claimant's accepted work injuries.

To prove a reasonable contest, an employer must have medical evidence in support of its claim at the time of, or soon after, its decision to contest. *LaChina v. Workmen's Compensation Appeal Board (Dana Corporation)*, 664 A.2d 204, 206 (Pa. Cmwlth. 1995). Here, Dr. Boylan examined Claimant before Employer filed its termination petition. Employer had Dr. Boylan's medical report, in which Dr. Boylan opined that Claimant had fully recovered from his work injuries before Employer filed the termination petition.[5] This medical evidence conflicted with the accepted injuries in Claimant's NCP. Thus, Employer had conflicting medical evidence in its possession at the time of Employer's decision to contest. Because Dr. Boylan

---

[5] Dr. Boylan's report states that Claimant "recovered from the injuries as noted above." (Dr. Boylan's Report, 12/7/12, at 5.) It further requests more recent records for Claimant but states that "[t]hese later records, however, would not change my above opinion that the patient had fully recovered from his injuries of 01/16/07." (*Id.*)

examined Claimant and submitted his report to Employer before Employer filed the termination petition, Employer at all times had medical evidence that was in opposition to Claimant's evidence. Therefore, Employer presented a reasonable contest from the date Employer filed the termination petition until the date of Dr. Boylan's deposition.

Claimant next contends that the WCJ erred in failing to award attorney's fees for an unreasonable contest from the date of Dr. Boylan's deposition to the conclusion of the litigation, as Dr. Boylan's deposition testimony was equivocal and could not support Employer's termination petition. Specifically, Claimant contends that Dr. Boylan "gave lip service" to Claimant's full accepted work injuries, especially his bilateral chondromalacia and the arthritis of the glenohumeral joint. (Claimant's Brief, at 20.) Claimant states that Dr. Boylan's testimony showed that he believed some of Claimant's injuries were pre-existing and that Claimant had not recovered from them, thus making Employer's contest of these issues unreasonable.

The record reflects that Dr. Boylan testified that Claimant had recovered from all of his work-related injuries, even those that were added after the initial NCP, by the date of his IME on December 7, 2012. (N.T., 5/31/13, at 29.) The WCJ found Dr. Boylan's testimony credible and that Employer's contest was reasonable at all times. Credibility determinations are for the WCJ, not this court. *Campbell v. Workers' Compensation Appeal Board (Pittsburgh Post Gazette)*, 954 A.2d 726, 729 n.3 (Pa. Cmwlth. 2008). Dr. Boylan's testimony was not equivocal and presented conflicting evidence upon which a reasonable contest was based.

7

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradford Rice,                 :
                               : No. 1021 C.D. 2015
                Petitioner   :
                               :
          v.                :
                               :
Workers' Compensation Appeal   :
Board (PPL Corp.),           :
                               :
               Respondent   :

## O R D E R

AND NOW, this 28th day of January, 2016, we hereby affirm the May 27, 2015, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge