# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denise Copping,                                        :
                                    Petitioner        :
                                                      :
            v.                                         :        No. 1219 C.D. 2017
                                                      :        Submitted: January 12, 2018
Workers' Compensation Appeal                          :
Board (Mast Trucking, Inc.),                          :
                                    Respondent        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 27, 2018**


            Petitioner Denise Copping (Copping) petitions for review of an order
of the Workers' Compensation Appeal Board (Board), which affirmed in part and
reversed in part a decision of a Workers' Compensation Judge (WCJ).  After
Copping filed a claim petition and four penalty petitions against her employer, Mast
Trucking, Inc. (Mast Trucking), the WCJ granted the claim petition, granted the
penalty petitions, in part, and awarded unreasonable contest fees.  Upon Mast
Trucking's appeal, the Board affirmed the penalty awards but reversed the
unreasonable contest award.  For the reasons that follow, we affirm.

# I.  BACKGROUND

## A.  Employment with Mast Trucking

The following facts are not in dispute.  On August 30, 2013, Copping and her fiancé, Don Miller (Miller), both Pennsylvania residents, attended a truck-driving job fair in Williamsport, Pennsylvania.  While at the job fair, they filled out applications and spoke with John Ridgway (Ridgway), a representative from Mast Trucking.  Ridgway checked their driving records and made a verbal offer of employment to both Copping and Miller.  Ridgway also gave them paperwork for a drug screen, a physical, and a hair test, which they completed in Williamsport.

On September 16, 2013, Copping and Miller attended training in Millersburg, Ohio, where Mast Trucking is headquartered.  Following the training, Mast Trucking evaluated Copping and Miller by having them perform a "pre-trip inspection" and a "road test."  Thereafter, Mast Trucking's Safety Director cleared them to drive.  Mast Trucking sent Copping and Miller on their first trip for Mast Trucking following the training and evaluations.  Working as "co-drivers" of the same tractor-trailer, they drove together on trips through Pennsylvania, New Jersey, Maryland, Virginia, and other Eastern states until the time of Copping's injuries.

On April 24, 2014, Copping sustained the two injuries that are the subject of her workers' compensation claim.  First, while in Elizabeth, New Jersey, she sustained an injury to her neck and right shoulder while pulling heavy pallets of meat.  After Copping's first injury, Miller drove while she rested.  Then, when Miller was driving in Philadelphia, Pennsylvania, Miller swerved off the road to avoid an oncoming car and crashed the tractor-trailer.  Copping struck a metal portion of the interior of the tractor with her head and shoulder, resulting in a significant exacerbation of the initial injury to her neck and shoulder.

On April 25, 2014, the day following her two injuries, Copping signed an "exclusive remedy agreement." The agreement provided that Copping would select Ohio as the state of exclusive remedy for workers' compensation benefits. In accordance with the agreement, Copping initially received her workers' compensation benefits from Ohio.

On October 24, 2014, Copping filed a claim petition for benefits in Pennsylvania under Pennsylvania's Workers' Compensation Act (Act),[1] alleging that on April 24, 2014, she had sustained injuries to her right shoulder and neck, including impingement syndrome of the right shoulder and a rotator cuff tear during the course and scope of her employment. She sought total disability benefits from the date of injury and ongoing. Mast Trucking filed two answers, generally denying the allegations or, alternatively, denying that it had sufficient knowledge to make a denial. The answers raised various affirmative defenses, including jurisdiction, and additionally moved to dismiss Copping's claim petition.

The WCJ bifurcated the matter to first decide whether Pennsylvania had jurisdiction over the matter. Although the WCJ had not yet decided the question of jurisdiction, on November 20, 2015, Iqbal Khan, M.D., conducted an independent medical examination (IME) of Copping. Dr. Khan opined that Copping had not fully recovered from the right shoulder injury, she had fully recovered from the head and neck injuries (whiplash, concussion, and headaches), and she could return to work with the restriction that she would not use her right arm. (Reproduced Record (R.R.) at 77a-78a.) After receiving testimony in the form of hearings and submitted deposition transcripts, the WCJ determined in a February 11, 2016 decision that

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

jurisdiction did, in fact, lie in Pennsylvania for both Copping's New Jersey injury and Pennsylvania injury.

On March 3, 2016, Mast Trucking issued a notice of temporary compensation payable (NTCP), which acknowledged Copping's injury. The NTCP also provided that Copping's average weekly wage was $719.37 and the temporary total disability rate was $479.58.

On March 15, 2016, Copping filed a penalty petition, alleging that Mast Trucking violated the Act by not issuing payments pursuant to the February 11, 2016 decision. Mast Trucking filed an answer that same day, denying all of the allegations in the penalty petition and demanding strict proof of those allegations.

On March 18, 2016, vocational consultant Michael Smychynsky (Smychynsky) conducted an evaluation of Copping on behalf of Mast Trucking to determine her earning power. Relying on the opinions of Dr. Khan, Smychynsky authored a report, dated April 5, 2016, which provided:

> It is my opinion within a reasonable degree of professional certainty that Denise Copping possesses skills, abilities, and traits necessary to secure and maintain employment as a drop and hook or "No-Touch" Truck Driver as well as in other occupations consistent with her employment experience. Within her Residual Employability, she retains Earning Capacity in the Montoursville Pennsylvania area of $810 per week.

(Certified Record (C.R.), Item No. 45 at 6.) As a result of the report, on April 8, 2016, Mast Trucking filed a medical-only notice of compensation payable (Medical-Only NCP) and notice stopping temporary compensation.

Copping filed two penalty petitions on April 18, 2016, alleging that Mast Trucking violated the Act (1) by failing to fully investigate Copping's claim or issue the proper Bureau of Workers' Compensation (Bureau) documents, and (2) by

4

unilaterally stopping her benefits without an agreement or an order by the WCJ. Mast Trucking responded the following day by denying the allegations and demanding proof at trial.

On May 24, 2016, Copping filed a fourth penalty petition, alleging that Mast Trucking violated the Act by failing to pay for reasonable and necessary medical treatment. Mast Trucking responded again by generally denying the allegations and demanding proof at trial.

## B. October 25, 2016 WCJ Decision

By decision and order dated October 25, 2016, the WCJ granted Copping's claim petition and granted, in part, Copping's penalty petitions. The WCJ ordered Mast Trucking to pay temporary total disability for wage loss benefits beginning April 25, 2014, the day following Copping's injuries. The WCJ noted that Mast Trucking was entitled to a credit for benefits that it had already paid for Copping's claims in Ohio and Pennsylvania. The WCJ also ordered Mast Trucking to pay for all of Copping's necessary and reasonable medical expenses and ordered Mast Trucking to pay interest in the amount of 10% on any past-due benefits and a penalty of 20% of any past-due wage loss benefits. Finally, the WCJ determined that Mast Trucking's contest was unreasonable, and the WCJ granted unreasonable contest attorney's fees. The WCJ reasoned:

> *[Mast Trucking's] contest of this matter has not been reasonable since the date the Interim Order circulated on February 11, 2016.* At that time, jurisdiction was found to lie in Pennsylvania for both of the alleged incidents which occurred on April 24, 2014. Dr. Khan had performed an independent medical examination of [Copping] on November 20, 2015 and had issued a report concluding that, among other things, [Copping] had suffered a right shoulder injury from which she had not fully recovered. Although [Mast Trucking] takes the position that [Copping] bears the burden of proof on the

5

nature and extent of disability, *it is clear that there is no substantial, credible evidence of record showing the availability of suitable work for [Copping] until the report of Mr. Smychynsky circulated on April 5, 2016.* Apparently, [Mast Trucking] used this report to effect a suspension of benefits without the filing of a Modification/Suspension Petition and without a timely showing of the availability of suitable work, asserting that it had the right to discontinue benefits payable pursuant to the [NTCP]. However, the WCJ concludes that [Mast Trucking] misused the [NTCP] option provided by the Act and *knew that an injury with disability and wage loss had occurred.*

(R.R. at 98a (emphasis added).) The WCJ ordered Mast Trucking to pay unreasonable contest fees as of February 11, 2016.

## C. August 3, 2017 Board Decision

Mast Trucking appealed the WCJ's February 11, 2016 decision and October 25, 2016 decision to the Board, challenging jurisdiction, Copping's penalty petitions, and the WCJ's determination that its contest was unreasonable. By opinion and order dated August 3, 2017, the Board affirmed in part and reversed in part. The Board determined that Pennsylvania had jurisdiction over both of Copping's injuries because she was working under an employment contract entered into in Pennsylvania and her work for Mast Trucking was not principally localized in any one state. As to the penalty petitions, the Board affirmed the WCJ's imposition of a 20% penalty of past-due wage loss benefits. The Board explained that Mast Trucking violated Section 406.1 of the Act[2] by "misusing the NTCP by not timely filing it." (R.R. at 111a.) The Board reasoned that Copping's October 24, 2014 claim petition put Mast Trucking on notice that she was alleging

---

[2] Added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1.

a work injury, but Mast Trucking did not file any paperwork with the Bureau until over a year later.

As to the WCJ's award of unreasonable contest attorney's fees, however, the Board reversed. The Board observed that Mast Trucking's misuse of the NTCP and unilateral stoppage of benefits constituted violations of the Act that warranted penalties. The Board noted, however, that violations of the Act do not automatically create an unreasonable contest. Instead, the Board reasoned that Mast Trucking's contest was reasonable because Mast Trucking presented conflicting evidence on the issues of jurisdiction and the extent of Copping's injury and disability.

## II. ISSUES ON APPEAL

On appeal,[3] Copping raises only one issue—whether the Board erred in concluding that Mast Trucking's contest was reasonable. Copping contends that Mast Trucking unreasonably contested her claim petition and forced unnecessary and drawn-out litigation. Copping argues that the WCJ's award of attorney's fees was separate and distinct from the WCJ's award of penalties. Copping argues that the Board erred in its conclusion that the WCJ conflated the applicable analysis for penalties and unreasonable contest attorney's fees. Copping avers that, in reaching such a conclusion, the Board improperly reweighed the evidence upon which the WCJ relied in reaching his determination that attorney's fees were appropriate. Copping further avers that Pennsylvania precedent supports the award of attorney's fees in the event of the unilateral stoppage of benefits.

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

7

In response, Mast Trucking argues that its contest was reasonable because the parties had a genuine dispute over jurisdiction and the extent of Copping's disability. Mast Trucking contends that jurisdiction was a genuinely disputed issue because Copping's first injury occurred in New Jersey.[4] Mast Trucking further contends that it genuinely disputed the extent of Copping's disability by presenting evidence that Copping recovered from her injuries, that there was work available for Copping, and that Copping failed to respond to job referrals. Finally, Mast Trucking contends that it properly used the workers' compensation forms during the litigation.

## III. DISCUSSION

Section 440(a) of the Act,[5] 77 P.S. § 996(a), provides:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: *Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer*.

(Emphasis added.)

---

[4] In support of the contention that its contest relating to jurisdiction was reasonable, Mast Trucking dedicates a large portion of its brief to re-argue that Pennsylvania does not have jurisdiction over Copping's workers' compensation claim. That issue, however, is not before us in the instant appeal. The only issue currently before this Court is whether Mast Trucking's contest was reasonable. As a result, we need not address jurisdiction any further.

[5] Added by the Act of February 8, 1972, P.L. 25.

8

Under Section 440(a) of the Act, a successful claimant shall be awarded attorney's fees unless the employer proves that it had a reasonable basis for the contest. "Whether an [e]mployer's contest of liability is reasonable is a question of law reviewable by this Court." *Capper v. Workers' Comp. Appeal Bd. (ABF Freight Sys., Inc.)*, 826 A.2d 46, 50-51 (Pa. Cmwlth. 2003). Whether an employer had a reasonable basis for contesting a claimant's award of benefits depends upon both the facts and the legal issues involved in each case. *Poli v. Workmen's Comp. Appeal Bd.*, 384 A.2d 596, 598 (Pa. Cmwlth. 1978). "[T]he reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Capper*, 826 A.2d at 51. The employer bears the burden of proving the reasonableness of its contest but, in doing so, need not prove that its evidence is legally sufficient in order to establish reasonableness. *Id.* Instead, "[a] reasonable contest is established where the evidence is conflicting or subject to contrary inferences." *Lemansky v. Workers' Comp. Appeal Bd. (Hagan Ice Cream Co.)*, 738 A.2d 498, 501 (Pa. Cmwlth. 1999), *appeal denied*, 759 A.2d 389 (Pa. 2000). A violation of the Act by an employer does not automatically render the employer's conduct unreasonable. *Bates v. Workers' Comp. Appeal Bd. (Titan Constr. Staffing, LLC)*, 878 A.2d 160, 164 (Pa. Cmwlth. 2005). In determining the reasonableness of a contest, the appellate court must look to the totality of the circumstances surrounding the contest. *Eidell v. Workmen's Comp. Appeal Bd. (Dana Corp.)*, 624 A.2d 824, 826 (Pa. Cmwlth. 1993).

Here, the WCJ awarded attorney's fees for unreasonable contest following his February 11, 2016 decision. Upon review of the record, however, Employer continued to pay compensation to Copping after the February 11, 2016

9

decision.  Mast Trucking only ceased paying compensation to Copping after it issued the Medical-Only NCP and its Notice Stopping Temporary Compensation Payable on April 8, 2016.[6]  It did so not because of a jurisdictional challenge,[7] but because its earning power assessment consultant, Smychynsky, issued a report on April 5, 2016, concluding that Copping, despite her work injury, was employable and had earning capacity.  This report by Smychynsky followed the November 2015 IME of Copping by Dr. Khan, after which Dr. Khan opined that Copping could return to work with restrictions.  (WCJ FF 76-90, R.R. 92a-94a.)  Based on Dr. Khan's IME report, Mast Trucking provided Copping a Notice of Ability to Return to Work on March 9, 2016.  (WCJ FF 96, R.R. 94a.)  The Smychynsky report, Medical-Only NCP and Notice of Stopping Temporary Compensation Payable followed.

While we agree with the WCJ and the Board that after the jurisdiction determination Mast Trucking failed to follow the proper procedure to suspend/modify Copping's benefits based on Smychynsky's earning power assessment, the Smychynsky report provided a reasonable basis for Mast Trucking to contest Copping's disability status as of the date of that report, April 5, 2016.  The improper process by which Mast Trucking attempted to raise the contest and its unilateral decision to stop compensation payments warrant the penalty that the WCJ

---

[6] The WCJ found that Mast Trucking paid wage loss benefits to Copping at a weekly rate of $479.58 for the period from January 11, 2016 to April 10, 2016.  (WCJ Finding of Fact (FF) No. 7, R.R. 86a.)

[7] This is not to say that Mast Trucking abandoned its jurisdictional challenge.  Clearly, Mast Trucking continued to believe that the WCJ's jurisdiction determination was in error.  There is nothing in the record, however, to support the notion that Mast Trucking ceased paying benefits to Copping in April 2016 because it wanted to revive its jurisdictional challenge before the WCJ, as opposed to simply preserving it for appeal to the Board.

imposed, but the contest itself was not without basis in fact and did not unnecessarily prolong litigation of Copping's claim.

For the reasons set forth above, the Board did not err in reversing the WCJ's award of unreasonable contest fees. Accordingly, we affirm the order of the Board.

 

 

_____
P. KEVIN BROBSON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

11

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Denise Copping,                                              :
                          Petitioner                         :
                                                             :
         v.                                                  :    No. 1219 C.D. 2017
                                                             :
Workers' Compensation Appeal                                 :
Board (Mast Trucking, Inc.),                                 :
                          Respondent                         :


# **O R D E R**


AND NOW, this 27th day of August, 2018, the order of the Workers' Compensation Appeal Board is AFFIRMED.


_____
P. KEVIN BROBSON, Judge